(No. 24807.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THOMAS E. MCARDLE, SR., Plaintiff in Error.

*Opinion filed February 15, 1939.*

GREEN, COSTIGAN & WINES, for plaintiff in error.

OTTO KERNER, Attorney General, WILLIAM P. ROBERTS, State's Attorney, and A. B. DENNIS, (W. S. DOLAN, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here to review the judgment of the Appellate Court for the Third District, reversing a judgment of the circuit court of Sangamon county which quashed an indictment against appellant and ordered him discharged. The cause was presented by a petition for leave to appeal which was treated as a writ of error and the cause taken.

The indictment consisting of two counts charged that the appellant (defendant) as accessory before the fact, with the Independent Petroleum Association Distributing Co., a corporation, violated the Motor Fuel Tax act in that he refused to make return of the tax. It charged that defendant was the president of the corporation and while so acting directed and controlled its management; that during the period charged in the indictment defendant incited the corporation in the perpetration of the offense and unlawfully and wilfully stood by, aided and abetted in such offense.

The second count charged that defendant unlawfully, knowingly and wilfully failed and refused to pay the sum of $9348.36, or any part thereof, to the Department of Finance, as required by statute.

The trial court, on motion of the defendant, quashed the indictment and discharged him. The Appellate Court reversed the judgment and remanded the cause to the trial court with directions to set aside the judgment quashing

the indictment and for further proceedings in accordance with the opinion of that court.

Certain questions are raised and argued touching the correctness of the decisions of the Appellate Court and the trial court. However, the first question presented here is the jurisdiction of this court. It has jurisdiction to review only final judgments of the Appellate Court. Unless the judgment of that court fully decides and finally disposes of the rights of the parties to the cause, this court does not have jurisdiction to review it. (*Smith* v. *Bunge,* 358 Ill. 229.) The judgment of the Appellate Court, here, reversed the judgment of the circuit court and remanded the cause with directions to set aside its judgment and for further proceedings. Thus the cause is reinstated in the circuit court against the defendant. It is, in effect, a direction that the trial court overrule defendant's motion to quash and require him to plead. The Appellate Court judgment does not finally dispose of the rights of the parties and is not a final judgment. This court has no jurisdiction of this writ of error and it is dismissed.

*Writ of error dismissed.*