(No. 29736.— ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HERMAN HARDT *et al.,* Plaintiffs in Error.

*Opinion filed November 20, 1946—Rehearing denied Jan. 20, 1947.*

THOMAS J. CAVANAGH, (ODE L. RANKIN, and ROBERT G. CORBETT, of counsel,) all of Chicago, for plaintiffs in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, W. S. MIROSLAWSKI, JOSEPH A. POPE, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

An indictment containing two counts returned in the criminal court of Cook county charged plaintiffs in error with having violated section 192 of division I of the Criminal Code. (Ill. Rev. Stat. 1945, chap. 38, par. 425.). The damage alleged to have been committed to the building described was less than $15, so that the offense charged came under that part of the statute which made it a misdemeanor. The first count was dismissed on motion of the State's Attorney, and the court sustained plaintiffs in

error's motion to quash the second count. Defendant in error sued a writ of error out of the Appellate Court to review the order quashing the second count. The Appellate Court reversed the order of the trial court and remanded the cause with directions to proceed in accordance with the views expressed in the opinion of that court. Plaintiffs in error then sued a writ of error out of this court to review the order of the Appellate Court.

In *People* v. *McArdle,* 370 Ill. 513, the facts were that the Appellate Court reversed a judgment of the circuit court which quashed an indictment. The Appellate Court remanded the cause to the trial court with directions to set aside the order quashing the indictment and for further proceedings in accordance with the opinion of that court. The cause came to this court by writ of error to review the judgment of the Appellate Court. It was held that the judgment of the Appellate Court reversing the order of the trial court and remanding the cause with directions was not a final order which this court could take jurisdiction to review. Reference is made to the same principle in *People* v. *Finkelstein,* 372 Ill. 186. This court has no jurisdiction of this writ of error and it is dismissed.

· *Writ of error dismissed.*