(No. 31497.

Arthur Lees, Jr., Appellant, *vs.* Chicago and North Western Railway Company, Appellee.

*Opinion filed May 24, 1951—Rehearing denied September 20, 1951.*

JAMES A. DOOLEY, of Chicago, for appellant.

LOWELL HASTINGS, and DRENNAN J. SLATER, both of Chicago, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellant, Arthur Lees, Jr., brought suit in the superior court of Cook County against appellee, Chicago and North Western Railway Company, under the Federal Employers' Liability Act to recover damages for injuries alleged to have been sustained by him in connection with the installation of a protecting cluster of piling adjacent to appellee's right of way over its Illinois River bridge, near Pekin, Illinois. An appeal was taken from a judgment for $30,000, entered upon the verdict of a jury, and the Appellate Court for the First District reversed the judgment and remanded the cause for a new trial. Appellant filed a motion and affidavit under section 75 of the Civil Practice Act, whereupon the Appellate Court amended its judgment, by deleting the remanding clause, and entered a final judgment reversing the cause. This court has undertaken a further review of the proceedings upon leave to appeal being granted.

The opinion of the Appellate Court contains an adequate statement of all the facts connected with the proceedings, and this court will restate the facts only insofar

as is necessary for a complete understanding of the case. The essential facts are that appellee is a railroad company, engaged in interstate commerce, operating a single-line track which crosses the Illinois River over a bridge. To protect the railroad bridge from damage by ship traffic on the river, clusters of piling were driven into the bed of the river at strategic points on both sides of the bridge. One of the pile clusters had been previously damaged by a ship and it became necessary that it be replaced. Appellee entered into a written contract with persons doing business as the Deneen River Company, under which the contractor undertook to furnish all of the labor, tools, equipment, and certain materials to remove and replace the damaged pile cluster.

Appellant was an employee in the engineering department of the railroad company. In the course of his work he was directed to go to the place where the pile cluster was to be removed and replaced, to see that a good job was done according to plan, and to keep the job moving. In accordance with his instructions appellant went to the place of work where he kept a record of the work being done. He testified that he made himself generally useful in assisting the contractor in dismantling the old cluster, installing the new cluster, and in expediting the work. After the cluster had been completed the railroad company requested the contractor, in writing, to set in place a steel framework to be used as a catwalk from the bridge to the top of the cluster, so that the bridge tender could go out on the cluster and maintain navigation lights for the direction of ships using the channel under the bridge.

In compliance with the instructions received from appellee, the contractor began the work by placing one of its steel workers, with a suitable timber to act as a bearing point, on the top of the cluster. This was accomplished by lifting appellant, in a loop attached to a derrick, to a point several feet above the top of the cluster and then

lowering him onto it. Appellant testified that he was lowered rapidly and that when his feet came in contact with the top of the cluster one of his feet slipped on the surface, which was uneven and slick with creosote, and that he fell and injured his back.

The complaint alleges that appellant received his injuries as a result of negligence on the part of his employer, the railroad company. Appellee filed an answer in which it denied all of the specifications of negligence on its part, and set out an affirmative defense that the work in question was being performed by the Deneen River Company under a contract for the doing of the work, over which appellee had no control except to determine if the work was being done according to plans and specifications furnished the contractor; that under the Federal Employers' Liability Act a carrier is liable only for negligence of its officers, agents, or employees; that a carrier is not liable for the negligent acts of an independent contractor, since the latter is not an officer, agent, or employee of the carrier, within the meaning of the act. To the affirmative defense appellant filed a reply in which he alleged that any such contract or agreement with the Deneen River Company was void because it violated section 5 of the Federal Employers' Liability Act, (45 U.S.C.A., sec. 55,) which makes any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by the act, void to that extent. The refusal of the trial court to admit the contract in evidence was assigned as error in the Appellate Court.

After reviewing the facts, the Appellate Court concluded that the Deneen River Company was an independent contractor and that the railroad company was deprived of one of its principal defenses by the ruling of the court; and that the trial court committed reversible error in refusing to admit such contract in evidence at the trial. The

judgment of the Appellate Court was that the cause be reversed and remanded for a new trial. The plaintiff made an affidavit as authorized by section 75 of the Civil Practice Act and asked the Appellate Court to strike the remandment order and enter an order of reversal so as to make a final order which would authorize an appeal to the Supreme Court.

Appellant urges two grounds for reversal of the Appellate Court judgment: (1) That the Appellate Court erred in holding the contract with Deneen River Company to be a defense to the cause of action charged in the complaint, and (2) that the Appellate Court erred in holding that the contract with the Deneen River Company was not void under the provisions of section 5 of the Federal Employers' Liability Act.

At the outset of the case we are confronted with the question as to our authority to act where an appeal is taken by virtue of paragraph (2) (c) of section 75 of the Civil Practice Act. (Ill. Rev. Stat. 1949, chap. 110, par. 199.) Section 75 provides for appeals from the Appellate to the Supreme Court, where, under certain conditions, the judgment of the Appellate Court becomes final. Paragraph (2) (c) provides: "In any case heard and determined in the trial court upon actual trial in which the Appellate Court upon appeal from the final judgment or decree entered in the cause in the trial court reverses said judgment or decree and remands the cause for a new trial or hearing, and in which the party in whose favor the trial court's judgment or decree was rendered shall present to and file with the Appellate Court an affidavit stating that he will be unable on a future trial or hearing to adduce other or additional evidence, facts or circumstances than were adduced in the trial court and expressly waiving the right to a new trial or hearing and consenting and requesting that the portion of the judgment of the Appellate Court remanding the cause for new trial or hearing be deleted and stricken

from the judgment of the Appellate Court, then that court upon motion shall amend its judgment by striking out the portion thereof remanding the cause for new trial or hearing. Thereupon it shall be competent for the Supreme Court to grant leave to appeal from said final judgment of reversal for its review and determination with the same power and authority in the case, and with like effect, as in other cases in which leave to appeal from the final judgments of the Appellate Courts is authorized in this section."

Section 75 provides, among other things, for appeals from final orders of the Appellate Court. A judgment of the Appellate Court in reversing and remanding a cause is not a final order, (*People* v. *McArdle,* 370 Ill. 513; *Kinney* v. *Lindgren,* 373 Ill. 415; *Wright* v. *Risser,* 378 Ill. 72,) and paragraph (2)(c) provides the means by which an order otherwise interlocutory becomes final, and the foundation for a petition for leave to appeal to the Supreme Court.

The essential requirement to authorize an appeal under the procedure outlined in paragraph (2)(c) is that the petition must be by the party in whose favor the trial court's judgment was rendered. In this instance, the trial court's judgment was rendered in favor of the plaintiff. The second element necessary to come under paragraph (2)(c) is that the affidavit of the party who won the case below, and whose case has been reversed and remanded, will present a question upon which the Appellate Court can render a final judgment, because in no event can an appeal be taken from the Appellate to the Supreme Court unless the judgment is final. *Morris* v. *Beatty,* 390 Ill. 568; *Thompson* v. *Industrial Com.* 377 Ill. 587.

The matter upon which appellant based its appeal was the admission of evidence, and the Appellate Court held that the trial court committed error in refusing to allow the contract between the Deneen River Company and the Chicago and North Western Railway Company to be

offered in evidence, and remanded the cause for that error. Appellee concedes in its brief that the contract which the Appellate Court decided should be admitted in evidence was not a defense to all of the charges in the complaint, and states that it was a defense to all of the charges of negligence, except "that defendant carelessly and negligently failed to furnish plaintiff with a safe place to work," and also concedes that the Appellate Court did not hold that the contract between the Deneen River Company and appellant was a complete defense to the entire cause of action alleged in the complaint. The purpose of subparagraph (2)(c) of the statute is to enable the party making the motion to present an issue of law for determination by obtaining a final judgment from the Appellate Court, which would permit the filing of a petition for leave to appeal to the Supreme Court.

In the present case the plaintiff did not elect to stand upon the effect of his own proof, which would have presented a matter of law, but elected to stand upon the validity of his objection to the contract between the Railroad Company and the Deneen River Company. If the objection made by the plaintiff to this evidence was good, the verdict of the jury and the judgment of the trial court should have been affirmed, but if the objection was not sustained, and the contract was properly admissible in evidence, the cause should have been remanded for a new trial, because it would not constitute a defense to à failure of the employer to provide a safe place to work, or otherwise fail to perform an absolute duty either directly or by its agent.

It, thus, can be readily seen that ruling upon the correctness of the trial court's decision in the admission of this evidence would not create a final order from which an appeal could be taken to this court, because it left open for consideration the remaining causes of action to which the contract was not a defense, and this is necessarily true,

because there is nothing in the record to disclose upon which particular ground of negligence the plaintiff recovered, and upon which judgment was rendered. A final order is one which fully decides and disposes of the rights of the parties to the cause. (*Morris* v. *Beatty,* 390 Ill. 568.) The ruling of the Appellate Court as to the admission of the contract in evidence obviously does not dispose of all the rights of the parties.

That part of section 75, paragraph (2)(c), which permits the plaintiff to make an affidavit that he could produce no further evidence, and requiring the Appellate Court to strike out the remanding clause, applies to a plaintiff when the evidence sustaining his case is held insufficient to sustain an action either by the trial court or by the Appellate Court, and where he is willing to make an affidavit that he can produce no further or additional evidence. It thus gives him an opportunity to have the Supreme Court, if an appeal is allowed, pass upon the sufficiency of the evidence produced by the plaintiff to make a case, as a matter of law. (*Goldberg* v. *Capitol Freight Lines,* 382 Ill. 283.) This portion of section 75 of the Civil Practice Act does not by its terms apply to a case where the question raised is competency of evidence offered by the defendant to make out a defense, especially where it is not claimed that the evidence refused is a complete defense to all of the causes of action set out in the complaint. In such an event the question raised is not the sufficiency of the evidence to support a cause of action but the competency of evidence to make it a part of the defendant's case. This being true, in order to have all of the facts presented, a remandment to the trial court is required, for to do otherwise would permit this court to pass piecemeal upon a part, only, of the case between the litigants.

It is quite clear that the Civil Practice Act did not contemplate that the competency of the defendant's evidence would present a question justifying striking of a

remanding order, to make the cause eligible for a petition for leave to appeal to the Supreme Court.

Without expressing an opinion as to the correctness of the views of the Appellate Court in its opinion, we hold it should not have entered the order striking the remandment upon the showing made by plaintiff, and therefore the cause is remanded to the Appellate Court for the First District, with directions to vacate its order and to re-enter its order reversing and remanding, as originally entered.

*Cause remanded, with directions.*

BRISTOW and MAXWELL, JJ., dissenting.