33615. SCOTT *v.* SAVANNAH ELECTRIC & POWER COMPANY.

DECIDED JULY 16, 1951. REHEARING DENIED JULY 30, 1951.

554

556

*Oliver, Oliver & Davis,* for plaintiff.

*Bouhan, Lawrence, Williams & Levy,* for defendant.

GARDNER, J. The petition of the plaintiff, as amended, was dismissed by the trial court on general demurrer because the plaintiff's injury was shown to have arisen out of and in the course of his general employment with the Savannah Machine & Foundry Company, and while he was also a special employee of the Savannah Electric & Power Company, within the meaning of the Workmen's Compensation Act, so as to entitle him to compensation from the latter, the plaintiff, while employed by the Savannah Machine & Foundry Company having been directed by it to do certain work for the Savannah Electric & Power Company and the injury having occurred while he was engaged in such duties as directed by his employer the Savannah Machine & Foundry Company. The trial judge properly ruled that the plaintiff was a "special employee" of the electric company, hereinafter referred to as the defendant.

An "employee" shall include "every person, including a minor, engaged in the service of another under any contract of hire or apprenticeship, written or implied." Under the general rule, it is well settled that the fact that an employee is the general servant of one employer, does not prevent him from becoming the particular servant of another under special circumstances. See *U. S. Fidelity &c. Co.* v. *Corbett,* 31 *Ga. App.* 7 (119 S. E. 921). Also see Code § 114-419. While the plaintiff was loaned to the defendant he was as to that company in doing the work, subject to their control, and occupied the position of a special employee,

and as such he could recover for an accidental injury sustained by him arising out of and during the course of his employment only under the compensation law, and he could recover from either employer or from both, as the facts might justify, and in this connection see generally *U. S. Fidelity &c. Co.* v. *Stapleton,* 37 *Ga. App.* 707 (141 S. E. 506). The plaintiff, having elected to proceed against his general employer, the Savannah Machine & Foundry Company, and having recovered compensation from that employer, is now precluded from bringing any common-law action against his special employer, the defendant, based upon any alleged negligence of that employer. The injury sustained was one arising out of and during the course of plaintiff's employment and as a result thereof and is therefore compensable. Where the injury sustained is one compensable under the compensation act and both the employer and employee are subject thereto and have not rejected its provisions, a common-law suit on account of such injury is not maintainable by the employee against his employer, either general or special. *Blue Bell &c. Co.* v. *Baird,* 61 *Ga. App.* 298 (6 S. E. 2d, 83). This was an accidental injury arising out of and during the course of the plaintiff's employment, and his only recourse was to proceed under the compensation act, which he has done. See *Blue Bell &c. Co.* v. *Baird,* 64 *Ga. App.* 347 (13 S. E. 2d, 105).

The plaintiff having received an award for the injury sustained, is not entitled to proceed at common law against his special employer. The trial judge correctly sustained the general demurrer to the plaintiff's petition, as amended, and dismissed the same.

The trial judge, in a well written opinion, accompanying his order and judgment, which is quoted by this court, correctly applied the law to the pleadings.

If the plaintiff is entitled to further or additional compensation for his injury or if there has been a change in his condition, he must proceed under the act in a proper manner and not by a common action at law for damages.

A special master employing a special servant who is a general servant of a general master, as here, is not such a third person against whom a common-law action will lie under the provisions

558

of the Workmen's Compensation Law, as provided in Code § 114-403.

The court did not err in sustaining the general demurrer and dismissing the plaintiff's petition, as amended.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*