(No. 36926.—)

THE PEOPLE *ex rel.* Wabash Railroad Company, Petitioner, *vs.* LEONARD HOFFMAN *et al.*, Respondents.—(Clara Brant, Admx., Intervenor.)

*Opinion filed March 23, 1962.—Rehearing denied May 23, 1962.*

JOHN L. DAVIDSON, JR., and CHARLES P. LIPPERT, both of St. Louis, Missouri, and NORMAN J. GUNDLACH, of East St. Louis, for petitioner.

JAMES A. DOOLEY, of Chicago, for intervenor.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The issue presented by this cause is whether the Appellate Court properly struck the remanding portion of its order reversing a judgment of the trial court in favor of

the plaintiff because of trial error where the defendant has admitted liability.

Clara Brant, as administratrix of the estate of George Brant, deceased, filed an action under the Federal Employers' Liability Act (49 U.S.C.A. 51) against the Wabash Railroad Company in the circuit court of St. Clair County. The defendant admitted liability and the cause was tried on the question of damages. A jury verdict of $88,500 was returned for plaintiff and judgment entered thereon. On appeal to the Appellate Court, the judgment was reversed and the cause remanded for a new trial because of prejudicial argument by plaintiff's counsel. (*Brant* v. *Wabash Railroad Co.* 31 Ill. App. 2d 337.) Plaintiff then filed a motion in accordance with section 75(2)(c) of the Civil Practice Act to strike the remanding order. This motion was allowed by the Appellate Court and the remanding order stricken. The defendant then brought this original *mandamus* action to have the order striking the remanding portion of the Appellate Court judgment expunged from the records of that court. The plaintiff was granted leave to intervene in the cause.

Section 75(2)(c) provides: "In any case heard and determined in the trial court upon actual trial in which the Appellate Court upon appeal from the final judgment or decree entered in the cause in the trial court reverses the judgment or decree and remands the cause for a new trial or hearing, and in which the party in whose favor the trial court's judgment or decree was rendered presents to and files with the Appellate Court an affidavit stating that he will be unable on a future trial or hearing to adduce other or additional evidence, facts or circumstances than were adduced in the trial court and expressly waiving the right to a new trial or hearing and consenting and requesting that the portion of the judgment of the Appellate Court remanding the cause for new trial or hearing be deleted and stricken from the judgment of the Appellate Court,

then that court upon motion shall amend its judgment by striking out the portion thereof remanding the cause for new trial or hearing. Thereupon it is competent for the Supreme Court to grant leave to appeal from such final judgment of reversal for its review and determination with the same power and authority in the case, and with like effect, as in other cases in which leave to appeal from the final judgments of the Appellate Courts is authorized in this section." Ill. Rev. Stat. 1959, chap. 110, par. 75.

In *Lees* v. *Chicago and North Western Railway Co.* 409 Ill. 536, upon which the petitioner relies heavily, there were several charges of negligence, and the record did not disclose upon which ground the plaintiff recovered in the trial court. The Appellate Court reversed and remanded the cause for a new trial because a certain contract had not been admitted in evidence. Plaintiff, pursuant to section 75(2)(c), moved the Appellate Court to strike the remanding portion of the judgment and the motion was granted. This court held that inasmuch as the contract, even if admitted in evidence, was not a defense to all of the charges in the complaint, the Appellate Court could not enter a final judgment in favor of the defendant and consequently the striking of the remanding portion of the judgment was not proper.

The intervenor, on the other hand, relies heavily upon this court's statement in *Bowman* v. *Illinois Central Railroad Co.* 11 Ill.2d 186, that "the striking of the remanding order is mandatory upon the Appellate Court in all cases where the party whose judgment in the trial court was reversed and remanded files the requisite motion and affidavit." (11 Ill.2d 186, 197.) In the *Bowman* case, however, it was carefully pointed out that the ground for reversal by the Appellate Court related to a defense which barred plaintiff's entire claim and "Therefore, since a final order for defendant could be entered in the instant case [*Bowman*], we cannot sustain defendant's contention that

the *ratio decidendi* of the *Lees case* precludes the striking of the remanding order herein." (11 Ill.2d 186, 192.) The *Bowman* case did not, therefore, dispense with the requirement laid down in the *Lees* case that the Appellate Court must be able to enter a final judgment for the defendant.

In this case the Appellate Court could not enter a final judgment in favor of petitioner (defendant) because liability is admitted and further proceedings are required in the trial court to determine the amount. To hold that the Appellate Court can enter a final judgment of reversal in favor of a defendant, who has admitted liability, because of a trial error, would be an absurd result. Since a statute will not be given a construction which would produce an absurd result, we hold that section 75(2)(c) does not apply to the situation disclosed in this case.

The intervenor admits that a procedure whereby a defendant who has admitted liability could escape this liability because of errors in the trial relating to the extent of damages would be absurd. She points out, however, that remandment for a new trial would work an injustice and unnecessary hardship.

That the granting of a new trial is not an unmixed blessing and can work an unnecessary hardship has been recognized by the legislature. Thus, it provided for a discretionary review of an order by the trial court granting a new trial in section 77 of the Civil Practice Act. Since all of the policy arguments favoring a discretionary review of an order by the trial court granting a new trial present themselves with equal force when it is the Appellate Court which has granted a new trial, the legislature may at a future date and in a like manner, see fit to provide for a discretionary review of orders of the Appellate Court granting new trials.

For the reasons hereinbefore stated, the writ of *mandamus* will be ordered to issue.

*Writ awarded.*