47196, 47197. HOUSING AUTHORITY OF DECATUR v. NEWSOME; and vice versa.

PANNELL, Judge. The Housing Authority of the City of Decatur, Georgia, brought an action against H. T. Newsome seeking to condemn a parcel of land on which was located an auto service station, an auto repair and an auto rental business, owned by Newsome. The special master found a stated sum as to damages to Newsome, which he withdrew, as provided by law, and the Housing Authority appealed to the superior court. After taking Newsome's deposition, the Housing Authority moved for a partial summary judgment "on the ground that there is no genuine issue as to any material fact and, as a matter of law, condemnee cannot recover damages for the destruction of an established business as alleged in paragraph 14 of the condemnee's answer, or the items of damages alleged in paragraphs 16, 17 and 18 of condemnee's answer, in that condemnee elected not to continue the business that he conducted on the property condemned." Paragraph 14 of the answer sought the value of the premises and damages for the destruction of his business. Paragraph 16 of the answer sought recovery of $25,000, which condemnee alleged he would have to pay his employees until he was re-established in business. Paragraphs 17 and 18 sought the recovery of appraiser's and attorney's fees in the amount of $16,000. The trial judge overruled the motion for partial summary judg-

ment and the Housing Authority appealed to this court upon the entry of a proper certificate of review. The appellee cross appealed and enumerated error on the trial court's refusal to enter an order terminating the discovery procedures and setting the case for trial at the time that he overruled the condemnor's motion for partial summary judgment and certified it for review.

1. Irrespective of the fact that condemnor's motion for summary judgment was seemingly based upon the contention that the damages sought to be recovered by the condemnee in the particular paragraphs are not recoverable because the condemnee elected not to continue the business that he had conducted on the condemned property, and irrespective of the fact that such alleged "election" has no discernible bearing on the question of attorney's fees and costs of appraisals incurred by condemnee, we do not think it improper to hold that as a matter of law these attorney's fees and cost of appraisals are expenses of litigation and are not recoverable as such. See *Bowers v. Fulton County,* 122 Ga. App. 45 (1) (176 SE2d 219), affirmed in *Bowers v. Fulton County,* 227 Ga. 814 (183 SE2d 347). While better method of attack on these elements of damages may have been a motion to strike, we hold the trial judge erred in refusing summary judgment as to these elements of damage.

2. The evidence shows without dispute that condemnee did not retain his employees after the taking but let them go. The court erred in refusing to grant the summary judgment as to this item of damage.

3. The court did not err, however, in overruling the motion for summary judgment insofar as it sought to deny compensation to the condemnee for alleged damage to his business. *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884, 20 ALR3d 1066). Whether the evidence is sufficient to authorize a finding of damages to condemnee's business on the motion for summary judgment we do not decide, other than to state that the evidence does not demand the finding that no damage occurred to con-

demnee's business as a result of the taking. On motion
for summary judgment the burden is on the movant to
affirmatively disprove some material element of the op-
posing party's claim. See in this connection *Southern Bell
Tel. &c. Co. v. Beaver,* 120 Ga. App. 420 (3, 4) (170 SE2d
737); *Werbin & Tenenbaum v. Heard,* 121 Ga. App. 147
(2) (173 SE2d 114). The movant here has failed to carry
that burden, that is to prove by uncontradicted evidence
that there was no damage to condemnee's business. Even
should we assume, without deciding, that if condemnee
"elected" not to continue his business such action would
preclude recovery for damages to his business caused by
the taking, or amount to a failure to lessen the damages
on his part, this would not entitle movant to a summary
judgment in that respect in the present case, as under
the evidence adduced a question of fact exists for deter-
mination by a jury as to whether condemnee has "elect-
ed" to abandon his business or has been forced to do so
by the condemnation.

4. Pending the appeal on questions relating to damage
claimed by condemnee, there was no error in refusing to
terminate discovery procedures and in refusing to set the
case for trial before a jury.

*Judgment affirmed in part, reversed in part on main appeal;
affirmed on cross appeal. Hall, P. J., and Quillian, J.,
concur.*

ARGUED MAY 4, 1972—DECIDED OCTOBER 5, 1972.

*McCurdy, Candler & Harris, George H. Carley, John
Walter Drake,* for appellant.
*Dillard & Dillard, George P. Dillard,* for appellee.

