### 47917. FIRST OF GEORGIA INSURANCE COMPANY v. JOSEY.

PANNELL, Judge. This is an appeal by an insurer from the overruling of its motion for summary judgment in an action brought by the plaintiff against the defendant insurer upon an insurance policy insuring a house and contents, which policy was apparently automatically renewed after a divorce between the plaintiff and her former husband and in the name of the former husband, and after the conveyance of the property to the plaintiff who, as spouse, was an insured under the policy prior to the divorce, the action being for a loss occurring after renewal of the policy.

1. So far as the evidence discloses, there was an unqualified refusal to pay by the insurer defendant of the claim of loss by fire of the plaintiff. This constituted an estoppel from insisting upon compliance with either written notice of loss or formal proof of loss as required by the policy. *Hanover Fire Ins. Co. v. Scroggs,* 90 Ga. App. 539, 547 (83 SE2d 295); *New York Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922, 925 (115 SE2d 474). See also *Corporation of the Royal Exchange &c. v. Franklin,* 158 Ga. 644, 649 (124 SE 172, 38 ALR 626) in connection with the facts stated in Division 3 (a) of this opinion as also constituting an estoppel.

2. Assuming, without deciding, that the conveyance by the husband to the wife upon their divorce in settlement of alimony may have voided the policy upon consideration of and application of general law on the subject (former Code § 56-825 so providing, having been repealed by the Georgia Insurance Code, Ga. L. 1960, pp. 289, 755; and there being no such provision in the policy), the act of the insurer, 26 days after the fire, of endorsing the policy

to show the assignment of the policy to the plaintiff to whom the property insured had been conveyed, as well as the consent of the insurer thereto, thus treating the insurance policy as a subsisting contract, constitutes a waiver of the claim that the policy is void because of such conveyance. Whether or not such action alone would constitute a waiver of the claim that the former husband had no insurable interest in the property at the time of the loss, it is not necessary to decide on the present appeal.

3. At this point, there are two theories upon which plaintiff may recover.

(a)   The evidence authorized a finding that the authorized agent and adjustor of the insurer agreed with plaintiff that the insurer was liable and would pay for the necessary repairing and cleaning of the damaged property by a named business, and that in reliance on these representations the plaintiff caused this to be done. Such an admission and promise, if made by the agent with knowledge that the plaintiff was not an insured under the policy (because of lack of endorsement thereon) would constitute an estoppel. *Assurance Co. of America v. Bell,* 108 Ga. App. 766 (134 SE2d 540). While under the evidence adduced, the plaintiff might not, on the trial of the case when she has the burden of proof before a jury, be entitled to a judgment based on such estoppel; yet, where upon motion for summary judgment by the insurer, it appears that such admission and promise to pay on the part of the insurer's agent was relied upon by the plaintiff, and it appears the agent had knowledge that plaintiff was not a named insured under the policy, but the evidence is silent as to when this knowledge was acquired, the burden is on the insurer on its motion for summary judgment to show no estoppel occurred by showing the knowledge of its agent was acquired after the time the promise was made. The burden is on the defendant in its motion for summary judgment to affirmatively negative plaintiff's claim and show plaintiff is not entitled to recover under any theory of the case and this by evidence, which demands a finding to that effect. *Werbin & Tenenbaum v. Heard,* 121 Ga. App. 147 (2, 3) (173 SE2d 114); *Southern Bell Tel. &c. Co. v. Beaver,* 120 Ga. App. 420 (170 SE2d 737); *Continental Assurance Co. v. Rothell,* 121 Ga. App. 868, 869 (2) (176 SE2d 259) (reversed on another ruling, 227 Ga. 258 (181 SE2d 283)); *Housing Authority of Decatur v. Newsome,* 127 Ga. App. 242 (3) (193 SE2d 32); *Morrow v. Thomason,* 127 Ga. App. 309 (193 SE2d 256); *Kroger Co. v. Cobb,* 125 Ga. App. 310 (187 SE2d 316); *State of Ga.*

*v. Snyder Brothers,* 125 Ga. App. 91, 97 (186 SE2d 474).

As was stated recently by the Supreme Court in *Waldrep v. Goodwin,* 230 Ga. 1 (1) (195 SE2d 432), "The elemental principle should be noted at the outset that once a party in the position of a defendant who is a movant for summary judgment pierces the pleadings of one in the position of a plaintiff and shows to the court that one essential element under any theory of recovery is lacking and *incapable of proof,* the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements." The evidence adduced absolutely fails to show that *the fact* the agent of the insurer had such knowledge at the time he made the promises was incapable of proof. Therefore, as to this essential element under this theory of recovery the movant failed to carry the burden placed upon it. In other words, an issue remains as to whether the agent did or did not have such knowledge at the time, and the evidence does not demand a finding he did not.

(b) The evidence discloses there was a mortgage or security deed on at least some of the property insured, and if the husband, at the time of the loss, was obligated to pay the debt thus secured, he had an insurable interest in such property and would be entitled to a right of action on the policy to recover the loss. Code § 56-2404; *Pike v. American Alliance Ins. Co.,* 160 Ga. 755 (129 SE 53); *Employers' Fire Ins. Co. v. Pennsylvania Millers Mutual Ins. Co.,* 116 Ga. App. 433, 435 (157 SE2d 807). The endorsement on the policy shows that any right of action on the policy had by the husband for the loss occurring of the property given as security for the debt was transferred to the plaintiff. *Georgia Co-Operative Fire Assn. v. Borchardt & Co.,* 123 Ga. 181 (1, 2) (51 SE 429, 3 AC 472). On this theory of plaintiff's recovery, as shown by the pleadings and evidence, there was an issue remaining unresolved by the evidence. That is, was the husband obligated or not obligated to pay the debt referred to above? Here again, the defendant insurer has failed to show the plaintiff's case incapable of proof on this theory, or presented proof demanding a finding in its favor.

4. As the evidence submitted on the insurer's motion for summary judgment failed to affirmatively disprove the plaintiff's right of recovery under the policy sued upon based on waiver and estoppel, the trial judge did not err in overruling the motion.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED FEBRUARY 12, 1973 — DECIDED APRIL 27, 1973.

*Jones, Cork, Miller & Benton, Carr G. Dodson, Rufus D. Sams, III,* for appellant.