## 50895. MOSS v. CENTRAL OF GEORGIA RAILROAD COMPANY.

CLARK, Judge.

The question presented in this FELA[1] personal

---

[1] Federal Employers' Liability Act, 45 USCA § 51 et seq. This remedial legislation renders a railroad liable to

injury action is whether plaintiff, Ralph E. Moss, was an independent contractor or an employee of the defendant, Central of Georgia Railroad Company, at the time of his injury. The trial court, determining that plaintiff was an independent contractor as a matter of law, awarded summary judgment to the railroad. From this adverse ruling, plaintiff has taken this appeal.

"On motion for summary judgment the defendant, as movant, must produce evidence which negates 'at least one essential element entitling the plaintiff to recovery under every theory fairly drawn from the pleadings and the evidence.' *Saunders v. Vikers,* 116 Ga. App. 733 (2) (158 SE2d 324)." *Lockhart v. Beaird,* 128 Ga. App. 7, 8 (195 SE2d 292). Has the railroad carried this burden?

At the outset, we note that although state courts have concurrent jurisdiction with federal district courts to entertain FELA cases (see 45 USCA § 56), the problem of whether an FELA plaintiff is an independent contractor or an employee is a problem of federal law. Baker v. Texas & Pac. R. Co., 359 U. S. 227, 228 (79 SC 664, 3 LE2d 756); see Baltimore & O. R. v. Davis, 235 Md. 568 (202 A2d 348), reversed on other grounds, 379 U. S. 671; Knight v. Chicago & N. W. R. Co., 3 Ill. App. 2d 502 (123 NE2d 128). Thus, in deciding the question presented by this appeal, we must look to the prevailing federal case law. Accordingly, we refrain from a comparison of Georgia cases on this question.

The pre-eminent criterion for determining the status of a contractor in an FELA action is the right of the railroad to direct, supervise and control the contractor in the course of his work. Dougall v. Spokane, P. & S. R. Co., 207 F2d 843 (9th Cir. 1953); Missouri-Kansas-Texas R. Co. v. Hearsin, 422 F2d 1037, 1041 (10th Cir. 1970). But the element of control is by no means the sole determinative factor. "[T]he phrase 'right to control' is not a single magical solvent for the 'right to control' must be considered in the light of other incidents relating to the work performed." Byrne v. Pennsylvania R. Co., 262 F2d

---

any employee who is injured as a result of the railroad's negligence.

906, 912 (3d Cir. 1959); Pennsylvania R. Co. v. Barlion, 172 F2d 710, 711 (6th Cir. 1949). In this respect, as was noted in Missouri-Kansas-Texas R. v. Hearson, supra, the United States Supreme Court directs our attention to the Restatement Second of Agency. See, e.g., Baker v. Texas & Pac. R. Co., supra.

According to the Restatement, Agency 2d § 220 (2), the following factors are to be considered in determining whether one acting for another is an independent contractor or an employee: (1) the extent of control which, by agreement, the employer may exercise over the details of the work; (2) whether or not the one employed is engaged in a distinct occupation or business; (3) whether or not the work to be performed is usually done under the direction of the employer or by a specialist who needs no supervision; (4) the skill required in the particular occupation; (5) whether the employer supplies the tools and the place of work for the one employed; (6) the length of time for which the person is employed; (7) the method of payment, whether by the time or by the job; (8) whether or not the work to be performed is a part of the regular business of the employer; (9) whether or not the parties believe they are creating an agency relationship; and (10) whether the employer is or is not in business.

We now examine the evidence adduced upon the railroad's motion for summary judgment in light of the factors outlined above. Before doing so, however, we pause to point out that one may be both a servant and an independent contractor with respect to his employer. For "a person can be an independent contractor in one part of his activity and an employee in another." Birmingham v. Bartels, 157 F2d 295, 303 (8th Cir. 1946), reversed on other grounds, 332 U. S. 126. See also Chicago, Rock Island & Pac. R. v. Bond, 240 U. S. 449 (36 SC 403, 60 LE 735); 57 CJS 353, Master and Servant, § 583. Thus, we must not determine whether plaintiff was a servant or an independent contractor in every phase of his employment activity, but whether plaintiff was a servant or an independent contractor at the time of his injury.

Plaintiff was injured when, on June 3, 1972, a railroad electrical line pole which he had been climbing fell to the ground. The circumstances leading up to and

surrounding plaintiff's fall are outlined as follows: Plaintiff worked for the railroad as a full time communications maintainer from 1949 until 1967. In the latter year, plaintiff, along with numerous other employees, was laid off by the railroad when it was acquired by the Southern Railway Company. Following the termination of his employment, plaintiff never again worked for the railroad as a regular employee. However, within three or four months, plaintiff began doing electrical work for the railroad periodically. And, about one year after his employment was terminated, plaintiff established the A & G Electrical Company through which he continued to work for the railroad on a part-time basis. The A & G Electrical Company also did electrical work for the Georgia Power Company, a mobile home sales outfit, and various individuals who were acquainted with plaintiff.

Sometime prior to plaintiff's fall, Fred J. Kull, an electrical engineer with the Communications and Signal Department of Southern Railway, observed that various electrical line poles in the roundhouse area of the defendant railroad's Columbus Yard were defective and needed to be replaced. Determining that the Communications and Signal Department was not equipped to do the job, Southern Railway, on behalf of the defendant railroad, asked two electrical companies, Flourney Electric and A & G Electric, to submit bids on the cost of replacing the defective poles and transferring the electrical lines to new poles.

In response to this invitation, plaintiff submitted a bid of $7,375, to include the cost of materials and labor. Flourney Electric submitted a bid of $5,098.70, and, of course, it was awarded the contract. Flourney delivered new poles to the work site, but failed to act further in the performance of its contract. Therefore, Flourney's contract was canceled and the railroad asked plaintiff to submit another bid, subtracting therefrom the cost price of the poles which had been delivered by Flourney. Plaintiff's second bid, in the amount of $6,550, included labor and material, except for the cost of the poles. The bid was accepted, a purchase order issued, and plaintiff began work on the project. It was while working upon this project

that plaintiff was injured.

Was plaintiff a servant or an independent contractor at the time of his injury? We agree with the trial court that at the time of his injury plaintiff was an independent contractor as a matter of law. The factors leading to our conclusion are the following: Although there is a conflict in the evidence as to whether the railroad had the right to control plaintiff at times other than when he was injured, the parties understood that plaintiff was to be in total supervision of the pole replacement project. The mere fact that the railroad reserved the right to assure performance in accordance with the specifications of the project did not render plaintiff a railroad employee. 2A CJS 569, Agency, § 12; see Fisher v. United States, 441 F2d 1288, 1291 (3d Cir. 1971); Sullivan v. General Electric Co., 226 F2d 290, 291 (6th Cir. 1955). While plaintiff was paid by the hour at times other than when he was injured, he was to receive a flat sum for completing the project in question. Moreover, plaintiff hired his own helpers, paid them himself and withheld social security and income taxes from their wages. On his income tax returns, plaintiff referred to himself as self-employed. He operated his own business; employed a bookkeeper to maintain the business records; and when he was unable to finish the project following his fall, hired others to complete the work. Finally, for the most part plaintiff supplied his own tools.

Plaintiff cannot be said to have been a servant of the railroad simply because it supplied the new poles or occasionally permitted plaintiff to use its equipment. See Lees v. Chicago & N. W. R. Co., 339 Ill. App. 227 (89 NE2d 418), remanded on other grounds, 409 Ill. 536 (100 NE2d 653). Nor can it be said that plaintiff was an employee of the railroad simply because he was directed as to the grounding of his equipment. The mere fact that a contractor may have received directions with respect to some aspects of his employment will not render him an employee within the meaning of the FELA. Okolinsky v. Philadelphia, Bethlehem &c. R. Co., 179 FSupp. 801 (E.D. Pa. 1959), appeal dismissed 282 F2d 70.

In his deposition, plaintiff deposed that he was not instructed by the railroad concerning the hours during which he was to work upon the project. But he added:

"[T]hey [the railroad] could come up and get me and take me off of that work and get me to go down to what they call the rip track and ask me to correct faulty electrical doings there." Plaintiff contends his statement indicates the railroad's right to control him and, therefore, raises a factual issue regarding his status. We disagree. As noted above, an employee may be both a servant and an independent contractor with respect to his employer. Here plaintiff was paid additionally and by an alternate method (hourly) for any work which he performed in addition to the pole project. Thus, plaintiff's statement does not demonstrate the railroad's right to control plaintiff on the job in question. It merely indicates that plaintiff may have been an employee of the railroad with regard to other phases of his employment activity.

Plaintiff's reliance upon Missouri-Kansas-Texas R. Co. v. Hearson, 422 F2d 1037, supra, is misplaced. The only similarity between the case cited and the case at bar is that both plaintiffs were previously employed and subsequently laid off by each railroad. Otherwise, the case relied upon is wholly inapposite to the facts presented here.

Plaintiff contends the grant of summary judgment by the trial court was error since the railroad failed to affirmatively show that plaintiff was not entitled to recover upon a theory of common law negligence. We disagree. Having been employed to replace defective poles, plaintiff cannot complain that a defective pole upon which he was climbing fell to the ground. *Dartmouth Spinning Co. v. Achord*, 84 Ga. 14 (10 SE 449); *Louisville & N. R. Co. v. Dunn*, 21 Ga. App. 379 (94 SE 661).

The trial court did not err in granting the railroad's motion for summary judgment.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

Argued June 26, 1975 — Decided September 3, 1975 — Rehearing denied September 30, 1975 — 

*Billy E. Moore, Edward W. Szczepanski,* for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardagree, Albert W. Stubbs,* for appellee.