54320. McBROOM et al. v. ZEVALLOS.

ARGUED SEPTEMBER 6, 1977 — DECIDED FEBRUARY 28, 1978 —
REHEARING DENIED MARCH 21, 1978 — CERT. APPLIED FOR.

*Lokey & Bowden, Hamilton Lokey, Glenn Frick, Robert P. Bleiberg, Banks, Lambdin, Watson & Lindsey, Peter L. Banks,* for appellants.

*Beck, Goddard, Owen & Murray, Samuel A. Murray,* for appellee.

DEEN, Presiding Judge.

1. The burden is on the defendant in its motion for summary judgment to affirmatively negative plaintiff's claim and show plaintiff is not entitled to recover under any theory of the case and this by evidence, which demands a finding to that effect." *First of Ga. Ins. Co. v. Josey,* 129 Ga. App. 14 (3a) (198 SE2d 381) (1973). The respondent is never required to rebut the motion until the movant has carried the burden of no material issue. *Ginn v. Morgan,* 225 Ga. 192, 194 (167 SE2d 393) (1969). For this purpose, bare legal conclusions in affidavits, etc., create no issue of fact so far as summary judgment is concerned. *Benefield v. Malone,* 112 Ga. App. 408 (2) (145 SE2d 732) (1965); *Resolute Ins. Co. v. Norbo Trading Corp.* 118 Ga. App. 737, 742 (165 SE2d 441) (1968).

2. Neither the contract itself nor the factual situation as it appears from affidavits and depositions requires a conclusion that the defendant was the alter ego of the hospital in the incident which caused the infection and death. The death here occurred October 31, 1971, prior to Ga. L. 1974, pp. 1143, 1144, precluding suits against fellow employees. The trial court correctly held: "If [the defendant] was, a mere fellow employee of the deceased then, under the law in force at the time, he is subject to suit as a third party wrongdoer. If he falls into the category of an independent contractor, and was not also the alter ego of the Authority, he is subject to suit as a third party wrongdoer. If he was the alter ego of the

Hospital Authority he is protected by the Authority's Workmen's Compensation coverage."

(a) We have, in view of the motion to rehear, reexamined this case and determined that whether Dr. Zevallos was the alter ego of the Griffin-Spalding County Hospital Authority was, at most, a jury question, and that the grant of the summary judgment was error. That he may well not have been an alter ego of the hospital, even if the procedures which contaminated the decedent were performed or directed by him in the hospital laboratory and while he was director of pathology is well established by *Winslett v. Twin City Fire Ins. Co.,* 142 Ga. App. 653 (236 SE2d 898) (1977). There the plaintiff was an employee and a recipient of workmen's compensation benefits from the employer, and the defendant Green was his supervisor in charge of the job site. It was contended that as such supervisor in control of the premises where defendant worked he was in fact an "employer" or alter ego thereof. Summary judgment for the defendant based on this theory was reversed by this court with the statements: "The common law provided an injured party with an action against a tortfeasor and against his employer if the tort was committed within the course and scope of the master-servant relationship. The employer's vicarious liability in no way abated the employee's liability." Contrary constructions, it continued "derogate the common law right to an action in tort, and they must not be applied loosely." The evidence before us at this time does not demand a finding that the physician was the alter ego of the hospital as to the events here set out, which involved his nonhospital connected private practice.

(b) The defendant as of now also has a viable defense on the ground that he is an independent contractor, based on the contention that his accepting of the specimen in question and subsequent procedures with it were not in his role of hospital employee but as an independent contractor within the meaning of the contract provisions allowing him extra work while using the laboratory as to which the hospital had no claim for fees and no liability for results. The law is clear that ". . . one may be both a servant and an independent contractor with respect to his

employer. For 'a person can be an independent contractor in one part of his activity and an employee in another.' [Cits.] " *Moss v. Central of Ga. R.,* 135 Ga. App. 904, 906 (219 SE2d 593) (1975).See *Hodges v. Doctors Hospital,* 141 Ga. App. 649 (2) (234 SE2d 116) (1977). In his capacity as a physician, the doctor's relationship to the hospital and patient is generally that of independent contractor. See *Bulloch County Hosp. Auth. v. Fowler,* 124 Ga. App. 242 (183 SE2d 586) (1971); *Pogue v. Hosp. Auth. of DeKalb County,* 120 Ga. App. 230 (170 SE2d 53) (1969). The defendant was certainly acting within the scope of his employment contract, but that contract specifically allowed him to use the facilities of the laboratory in performing services for patients, physicians and institutions outside of the hospital, as to which the hospital had no responsibility. These and other defenses cannot be resolved at this point.

(c) There is still another rule of law, exemplified by *Scott v. Savannah Elec. &c. Co.,* 84 Ga. App. 553 (66 SE2d 179) (1951) and *U. S. Fidelity &c. Co. v. Forrester,* 230 Ga. 182 (196 SE2d 133) (1973), that impinges on the borrowed servant doctrine: Where there is a general employer who loans an employee to a special employer or subcontractor and where the evidence requires a finding that the employee is at the same time the servant of both, payment of workmen's compensation may be had from either, and the payment by either precludes an action against the other as a third-party tortfeasor. The evidence here does not demand such a finding.

*The grant of summary judgment is reversed. Quillian, P. J., McMurray, Smith, Shulman and Banke, JJ., concur. Bell, C. J., Webb and Birdsong, JJ., dissent.*

BIRDSONG, Judge, dissenting.

The sole issue is whether, under the circumstances presented, the deceased was precluded by the workmen's compensation statute from bringing a common law tort action against the director of the Department of Pathology (director) for injuries sustained while working in said department. Resolution of this issue is, in turn, dependent upon a determination of whether the deceased, while working in the Department of Pathology, was a

"borrowed servant" within the intent of the workmen's compensation statute.

The law is clear that the rights and benefits under the workmen's compensation statute exclude all other rights and remedies to the employee and (in this case) her survivors, except as against third-party tortfeasors. Code Ann. § 114-103. As an employee, the deceased, or those suing derivatively, may not reject the workmen's compensation statute. Code Ann. § 114-109.

Equally clear are the holdings of the courts of this state which ". . .have recognized the principle that one may be the servant of two masters and subject to the demands of both or either. [Cits.]" *Merry Bros. Brick &c. Co. v. Jackson,* 120 Ga. App. 716, 719 (171 SE2d 924). Accordingly, in such a situation, but one logical conclusion is possible: "The plaintiff, having elected to proceed against his general employer. . .and having recovered compensation from that employer, is now precluded from bringing any common-law action against his special employer, the defendant, based upon any alleged negligence of that employer." *Scott v. Savannah Elec. &c. Co.,* 84 Ga. App. 553, 557 (66 SE2d 179).

It is stipulated by the parties that the deceased was, at the time of her death, a general employee of the hospital. That the director holds the status of independent contractor, as to the hospital, is correct as a matter of law. See *Bulloch County Hosp. Auth. v. Fowler,* 124 Ga. App. 242 (183 SE2d 586); *Pogue v. Hosp. Auth. of DeKalb County,* 120 Ga. App. 230 (170 SE2d 53). A careful examination of the record compels a finding that the deceased was a "borrowed servant" of the hospital while working for the director, and those suing derivatively are therefore precluded by the workmen's compensation statute from recovering for decedent's wrongful death in a tort action against the director.

The criteria as to loaned employees are well-settled: "(1) that the special master must have complete control and direction of the servant for the occasion; (2) that the general master must have no such control; (3) that the special master must have the exclusive right to discharge the servant, to put another in his place or to put him to other work. [Cits.]" *Fulghum Indus. v. Pollard Lbr. Co.,*

106 Ga. App. 49, 52 (126 SE2d 432). As to requirement (3), the *Fulghum* court stated, "the 'right to discharge' that the special master must have means the right to discharge the servant from that particular work." Id.

Applying the standards set forth in *Fulghum,* supra, it is clear that (1) the director of the Department of Pathology enjoyed complete control and direction of deceased so long as she worked in the Department of Pathology. The employment contract between the hospital and the director stipulated: "The [director] will be responsible for the proper and efficient operation of the Department of Pathology and of the Pathology Laboratory. . ." The affidavit of the administrator of the hospital states unequivocally that the director, at all times relevant, had "complete responsibility for the performance and work product of the personnel in [the pathology] department." That the director had this authority was at no time refuted or otherwise contested by appellant.

As to requirement (2), that the general master have no control over the loaned employee, it is clear that the "complete responsibility" of the director precluded any such control by the hospital. The hospital administrator further stated, in an affidavit: "It is [the director] who directs the employees in their duties."

Requirement (3) is obviously satisfied by the employment contract language quoted above. Additionally, the administrator stated, in an affidavit, that the director "...has the authority to dismiss any employee *from his department,* to promote or demote any employee, and to direct and correct any employee in his work." (Emphasis supplied.) Only one conclusion is possible: the deceased, while working in the Department of Pathology, was a "borrowed servant" within the intent of the Workmen's Compensation Act.

The majority deem dispositive the fact that the deceased apparently sustained injury while performing tasks for the director which involved patients outside the hospital. In the first place, such a fact is totally irrelevant in a "borrowed servant" context; no matter what the activity, whether for the "special" employer or the "general" employer, the servant is limited in recovery to

that provided by the workmen's compensation statute. *Scott v. Savannah Elec. &c. Co.,* supra. Equally obvious, however, is the fact that the hospital, which employed the deceased, clearly contemplated that the deceased would perform work activity involving individuals outside the hospital, for the director's employment contract stated that he might "...when reasonable and feasible, so as not to interfere with his duties in connection with the operation of the Department of Pathology of said Hospital, *and with prior approval of the Authority,* perform services in the Hospital laboratory to patients, physicians and Institutions outside of the hospital." (Emphasis supplied.) The majority, in quoting the employment contract, omitted the language emphasized above, although it unmistakably authorized the director to perform pathology services for patients outside the hospital. This conclusion is supported by the administrator's statement, in an affidavit: "The functions and responsibilities of [the director] hereinabove described were applicable during such period directly to [deceased]."

That the right to perform laboratory analysis for patients outside the hospital as well as the right to utilize the services of the deceased in performing such services, formed part of the consideration flowing from the employment contract, is underscored by the appellant's stipulation: "At no time did the [director] pay any of [deceased's] salary, nor did he have anything to do with her Withholding Tax, Social Security, Unemployment Insurance, and the like." Clearly, the deceased received no remuneration from the director for assisting him in performing pathology services for patients outside the hospital; her sole compensation was provided by the hospital. The evidence leaves no doubt that the deceased, in the normal course of her employment with the hospital, was to assist the director in the performance of pathology services for individuals both inside and outside the hospital.

Neither the facts nor the law will permit the deceased to recover workmen's compensation benefits from her general employer while simultaneously rejecting the plain limitations of the statute in an effort to recover from

her special employer; i.e., the law clearly prohibits a "borrowed servant" from enjoying a recovery from both the general and the special employer. As stated by the Supreme Court of Georgia: " 'While the plaintiff was loaned to the defendant he was as to that company in doing the work, subject to their control, and occupied the position of a special employee, and as such he could recover for an accidental injury sustained by him arising out of and during the course of his employment *only under the compensation law,* and he could recover from either employer or both, as the facts might justify, and in this connection see generally *U. S. Fidelity &c. Co. v. Stapleton,* 37 Ga. App. 707 (141 SE 506).' " (Emphasis supplied.) *U. S. Fidelity &c. Co. v. Forrester,* 230 Ga. 182, 185 (196 SE2d 133).

" 'The purpose of the Summary Judgment Act . . . is to eliminate the necessity for a trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.' [Cit.]" *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173). Although the majority correctly observe the existence of jury questions concerning negligence, such questions are not relevant in a workmen's compensation context, and are therefore simply not material in the instant case. In *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 303 (138 SE2d 580), the Supreme Court of Georgia stated: "We believe the [summary judgment] Act was clearly intended to dispose of litigation expeditiously and avoid useless time and expense to go through a jury trial even though the petition fairly bristles with serious allegations, if when given notice and an opportunity to produce affidavits by persons competent to testify on their knowledge to the truth of such allegations the pleader does nothing to contradict the affidavits of the movant which show there is no right of the opposite party to prevail." The affidavits of the appellee-director show without question that there is no right of the deceased to prevail in this action.

The instant case presents a classic example of a "borrowed servant" injured while working for the special

employer. The deceased, although paid by the hospital, performed no work whatsoever other than that required by the director. That the deceased's employment included assisting the director in the course of all pathology work, for patients both in and out of the hospital, was clearly contemplated by all parties. Looking to substance rather than form, the deceased's job, quite simply, was to assist the director as he required, within the limitations of the employment contract.

The untimely death of the deceased is of course unfortunate, but it is the duty of this court "to be just before we are generous. . ." *Pennsylvania &c. Ins. Co. v. Heule,* 140 Ga. App. 851, 854 (232 SE2d 267). All of the above-stated facts, which compel the conclusion that the deceased was to the director but a "borrowed servant," are unrefuted and uncontradicted by appellant. Neither does appellant rebut or otherwise refute the director's statement in his affidavit: "At all times pertinent hereto, all of my actions were done within the scope of my employment with the Griffin-Spalding County Hospital Authority of the Department of Pathology." Far from a "bare legal assertion," this statement is solidly substantiated by the employment contract, which plainly authorized the director to perform services for patients outside the hospital, as well as the affidavit of the hospital administrator.

Rather, the affidavits of appellee, as well as the depositions and documentary evidence, show conclusively that the deceased was "the servant of two masters and subject to the demands of both or either" and recovered workmen's compensation benefits from her general employer. The law is clear that those suing derivatively have no right to prevail in a common law action, predicated upon the very same injury for which benefits have already been provided, against either the general employer (the hospital), or the special employer (the director). The trial court's grant of summary judgment in favor of the appellee-director was correct.

I respectfully dissent.

I am authorized to state that Chief Judge Bell and Judge Webb join in this dissent.