A94A2205. WILLIAMS v. THURSTON PAULK, INC. et al.
(455 SE2d 132)

RUFFIN, Judge.

Robert Williams appeals from the superior court's reversal of the award in his favor by the State Board of Workers' Compensation.

Williams was a truck driver for appellee Paulk Transport, and he was injured while repairing a company truck and cleaning the area where the company's trucks and trailers were maintained. In his findings of fact, the ALJ determined that although Williams was primarily an independent contractor truck driver under his agreement with Paulk, he also performed extra duties and accommodations in the capacity of an employee which were unrelated to his duty to transport Paulk's goods to market. The ALJ concluded that Williams was performing such a task when he was injured and that the injury arose in the course of his role as an employee. The full board affirmed the

ALJ's finding, but the superior court reversed, holding there was insufficient evidence to support the finding and determining that Williams was in fact an independent contractor.

1. Williams contends that the superior court erred in reversing the full board's decision because there was sufficient evidence to support the finding and award. We agree. "The question of whether a person is an employee is one of fact, and, where there is any evidence to sustain the board's finding of fact, the trial court should not interfere. [Cits.]" *Goolsby v. Wilson*, 150 Ga. App. 611, 612 (1) (258 SE2d 216) (1979); *Golosh v. Cherokee Cab Co.*, 226 Ga. 636, 639 (176 SE2d 925) (1970) (determination of whether individual was an employee or independent contractor was question of fact not subject to review if there was any evidence to support board's finding). Further, " ' "a person can be an independent contractor in one part of his activity and an employee in another." (Cits.)' " *McBroom v. Zevallos*, 145 Ga. App. 375, 379 (2b) (244 SE2d 19) (1978); *Moss v. Central of Ga. R. Co.*, 135 Ga. App. 904, 909 (219 SE2d 593) (1975).

Viewing the record under the any evidence standard, we find the following evidence supporting the full board's award: Williams performed a number of tasks for Paulk's company unrelated to his duty to transport its goods to market. For example, at Paulk's request he took the company's trucks to refuel them when there was a sale on gasoline and delivered its trailers to tire shops for service. When asked why he performed these tasks which were not part of his duty to drive a truck, Williams responded that "[w]hen Mr. Paulk asked you to do something, that was just . . . you done it. . . . I done it."

Williams also routinely performed mechanical tasks on company trucks other than his. The evidence showed that Paulk's salaried employees were aware that Williams performed these tasks, and there was uncontroverted testimony that anyone who worked for the company had to get express permission from Paulk to undertake work. Williams also testified that he considered himself an employee of Paulk's. When Williams was injured he was repairing a company truck, and he testified that Paulk questioned him about whether the truck would be ready by the next day. Consequently, even if Williams was not working at Paulk's specific behest when he was injured, the record shows that he was doing so with Paulk's permission, consent and in furtherance of Paulk's business. See, e.g., *Transus v. Crosby*, 196 Ga. App. 880 (1) (397 SE2d 135) (1990) (consent, permission and furtherance of employer's business considered in determining whether individual was an employee or independent contractor).

Based on the foregoing, the evidence was sufficient to support the board's finding that independent of Williams's status as an independent contractor, he also had an employer/employee relationship with Paulk and that his injury arose in the context of that relationship.

Accordingly, the superior court erred in reversing the full board on this issue. The judgment is reversed and the action remanded to the superior court with direction to reinstate the award of the full board.

2. The record does not reflect that Williams raised his second enumeration of error, the constitutionality of OCGA § 34-9-1 (2) below. Moreover, in light of our holding in Division 1, we need not address this enumeration.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 13, 1995.

*Ashman, Lasky & Cooper, Charles R. Ashman, R. Daniel Price,* for appellant.

*Tillman, McTier, Coleman, Talley, Newbern & Kurrie, George T. Talley,* for appellees.