14188. BLACK *v.* FISCHER *et al.*

As to the sanatorium company, no cause of action was shown by the allegations of the petition, by which a recovery of damages was sought on account of alleged improper, negligent, and unskilful treatment of the plaintiff as a patient in its sanatorium by its alleged agent and surgeon, its codefendant in the action.

> Decided April 10, 1923.

Action for damages; from city court of Atlanta — Judge Reid. November 18, 1922.

*Alexander & Meyerhardt,* for plaintiff.

*Underwood, Pomeroy & Haas, Rosser, Slaton & Hopkins,* for defendants.

Luke, J. Black sued Fischer and Davis-Fischer Sanatorium Company, a corporation, alleging substantially as follows: that L. C. Fischer was a practicing surgeon, and an agent and surgeon of Davis-Fischer Sanatorium Company; that Davis-Fischer Sanatorium Company operated and maintained a hospital in the City of

Atlanta and held itself out to the public as such; that on October 16, 1920, plaintiff was in an automobile accident and from it suffered injuries; that the agents of his employer, who became responsible for the pay due to the hospital and to the said L. C. Fischer for his services as surgeon, carried him to Davis-Fischer Sanatorium Company; that the said L. C. Fischer rendered to him unskilful, improper, and negligent services as such surgeon, and because of such unskilful, improper, and negligent services he has been permanently disabled and injured. The result of such alleged unskilful, improper, and negligent services to him is fully detailed in his petition. He further alleges that E. C. Davis and L. C. Fischer were practicing physicians and surgeons in the City of Atlanta; that, for reasons satisfactory to themselves, they caused and procured themselves to be incorporated under the name and style of "Davis-Fischer Private Sanatorium" (later changed to "Davis-Fischer Sanatorium Company)," with a capital stock of $5,000; that by the terms of their petition and of the order of incorporation the particular business which they desired to carry on and which was authorized by the order of the court was, amongst other things, the maintaining of a sanatorium or hospital for the treatment of all kinds of human diseases, using and employing therein any or all appliances, means, or remedies known to medical science or which might thereafter be discovered; that for the purposes of the corporation it caused to be erected a large building fully equipped as a hospital; that for some years prior to the time plaintiff entered the hospital the management and control of the hospital was under the direction of E. C. Davis and L. C. Fischer; that the hospital was favorably known and extensively patronized by the public; that when he was carried to the hospital the services rendered by L. C. Fischer as surgeon were rendered while the said Fischer was one of the principal stockholders of the corporation; that the corporation and the said Fischer rendered bills for services, both for the surgical services and for room, board, and nursing, and that the treatment rendered was not rendered with due care and skill. The plaintiff prayed for damages. The defendant Davis-Fischer Sanatorium Company demurred to the petition upon the ground that it set forth no cause of action; that the declaration shows, if there be any liability, it is upon the physician and surgeon Fischer and not upon

it; that the declaration shows that the responsibility was one of a physician and surgeon, and not a hospital; because the declaration shows that the alleged negligence and injuries complained of, being within the duties of a physician, could not, under the law of Georgia, be the basis of a claim against a sanatorium, and be- cause the declaration shows that the acts are beyond the duties or obligations of it.  The court sustained the general demurrer as to the defendant Davis-Fischer Sanatorium. ˙ It is on this judgment that error is assigned.

The petition as amended did not set forth a cause of action against the Davis-Fischer Sanatorium Company.  The fact that the surgeon was one of the principal stockholders in the defendant corporation would not render the corporation liable for unskilful and improper treatment of his patient; nor does the fact that the defendant company was largely under the control and manage- ment of the surgeon render the corporation liable for unskilful treatment rendered by the surgeon to one of his patients.  In the petition in this case no act of the corporation is alleged to be the cause of the injuries detailed.  There is no allegation that the defendant corporation undertook to direct the surgeon in the method of treatment and services which he rendered the plaintiff in this case.  The allegation that L. C. Fischer was the agent and surgeon of the sanatorium company does not render the defendant company liable, without the further and necessary allegation, and the facts to sustain it, showing that the act of the agent was by the command or direction of or within the scope of the agent's em- ployment.  There is no allegation˙ in this suit, even if L. C. Fischer be in the employ of the sanatorium company, that he is not a skilled surgeon.  The precedents of the several courts of the United States seem to be harmonious in their rulings that where a hospital contracts to furnish medical or surgical attention to one, and acts in good faith and with reasonable care in the se- lection of a physician or surgeon, and selects an authorized physi- cian in good standing in his profession, it has ·fulfilled its obli- gation, and cannot be held liable for any want of skill on the part of the surgeon employed.  The master is held liable for the tortious acts of the agent upon the theory that the agent is con- trolled and acts under the direction of the master and within the scope of his duties.  There is no allegation in the petition here to

the effect that the sanatorium company directed the surgeon how or in what way to treat the patient.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*