17453. TENCH *et al. v.* DOWNEY HOSPITAL
INCORPORATED.

The general rule, that a claim for damages arising from a tort can not be set off against one based on a contract, was applicable to the cross-action in this case, by which the defendant to an action upon a promissory note, given for services rendered by the plaintiff, a hospital corporation, to his wife as a patient in its hospital, sought to set up damages because of alleged improper treatment of her by the president of the plaintiff corporation and another physician when she was a patient in the hospital.

A cross-action based on a tort can not be so amended as to base it on a contract.

For recoupment to lie, the plaintiff should be liable to the defendant under the contract sued upon.

Construing the cross-action most strongly against the pleader, it shows no cause of action against the plaintiff corporation, but if a cause of action exists because of malpractice or negligence in the treatment of the defendant's wife by individuals named, the cause of action is against them.

The proffered amendment, by which the defendant sought to amplify certain paragraphs of his cross-action and to plead a total failure of consideration, was properly disallowed; and the court did not err in dismissing the cross-action and directing a verdict against the defendant.

DECIDED OCTOBER 5, 1926.

Complaint; from Habersham superior court—Judge J. B. Jones.
March 3, 1926.

*J. C. & H. E. Edwards,* for plaintiffs in error.

*Bryan & Middlebrooks, I. H. Sutton, A. C. Wheeler,* contra.

LUKE, J. Downey Hospital Incorporated, as transferee, brought suit on a note for the principal sum of $100, interest and attorney's fees, against Richard McConnell as maker and payee, and S. J. Tench as indorser and transferor; the note having been given by McConnell to Tench, and transferred by Tench to the hospital in part payment for services rendered to Tench's wife. In his answer McConnell admitted that he executed the note, alleged that he was a mere stakeholder, and prayed that "court direct him how, when, and to whom said sums should be paid." Tench also admitted the execution and delivery of the note and admitted that "he executed and delivered his indorsement on said note," but, "for further and special plea and answer by recoupment, says that he is not indebted to the plaintiff in any sum whatever, but on the

Pleading, 31 Cyc. p. 78, n. 95; p. 431, n. 97.

Recoupment, Set-Off and Counterclaim, 34 Cyc. p. 676, n. 31; p. 678, n. 38; p. 707, n. 84.

contrary the plaintiff, Downey Hospital Incorporated, under this defendant's contract of indorsement on said note sued upon, is in good conscience liable to this defendant in damages in the sum of ten thousand dollars" by reason of improper treatment of and resultant injury to said defendant's wife by Dr. J. H. Downey, president of plaintiff's corporation, and Dr. J. K. Burns Jr., while defendant's wife was a patient in said hospital, the specific acts of negligence and injury being set out in the answer. Plaintiff made an oral motion to strike the entire cross-action filed by Tench, on the ground that said cross-action was an undertaking to set off a tort against a contract. Before the motion was passed upon by the court "counsel for Tench offered an amendment to his cross-action, amplifying certain paragraphs of said cross-action and further pleading a total failure of consideration." The court refused to allow the proffered amendment of Tench, and thereafter sustained the motion of counsel for plaintiff, Downey Hospital Incorporated, to dismiss said cross-action; and "thereupon, on motion of counsel for plaintiff, Downey Hospital Incorporated, the court directed a verdict for the plaintiff, Downey Hospital Incorporated, against Richard McConnell, maker and payee, and S. J. Tench as indorser, for the principal amount of said note, interest, attorney's fees, and costs of suit." To said refusal to allow the amendment, dismissal of the cross-action, and direction of the verdict, Tench excepted.

The suit of the Downey Hospital Incorporated was an action ex contractu, being a suit on a promissory note. The cross-action of defendant Tench, alleging grossly negligent conduct of the physicians and consequent injury to his wife, was an action ex delicto. "A claim for damages arising from a tort can not be set off against one based on a contract," there being no allegation of any "special circumstances, such as insolvency or nonresidence of the plaintiff against whom the set-off is desired to be established." *Standhardt* v. *Hardin*, 145 *Ga.* 148 (88 S. E. 565), and cases cited. Tench, having filed his cross-action based on alleged torts, can not afterwards base it on a contract. *Stokes* v. *Wright*, 20 *Ga. App.* 325 (93 S. E. 27); *Houze* v. *Blackwell*, 20 *Ga. App.* 438 (93 S. E. 16). Even assuming that the cross-action of Tench was one ex contractu, based on the contract which he had with the hospital for services to his wife, that contract was separate from the contract

(the note) sued upon; and for a recoupment to lie, the plaintiff should be liable to the defendant under the same contract sued upon. Civil Code (1910), §§ 4351, 4353; *Gem Knitting Mills* v. *Empire Printing & Box Co., 3 Ga. App.* 709 (60 S. E. 365).

Furthermore, construing the cross-action most strongly against the pleader, it shows no cause of action against the Downey Hospital Incorporated, but the cause of action, if any exists and so far as shown by the cross-action is against the physicians whose alleged negligence and malpractice resulted in the alleged serious injury to the wife of the defendant Tench. See *Jeter* v. *Davis-Fischer Sanitarium, 28 Ga. App.* 708 (113 S. E. 29); *Black* v. *Fischer, 30 Ga. App.* 109 (117 S. E. 103).

Under the foregoing rulings the trial judge properly refused to allow the amendment to the cross-action, dismissed the cross-action, and directed a verdict for the plaintiff.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*