21773. TIMMONS *v.* FULTON BAG AND COTTON MILLS.

STEPHENS, J. 1. Where it is alleged, in a petition wherein the plaintiff seeks to recover damages for an alleged false imprisonment, that the plaintiff was employed by the defendant as an operator of machines in a cotton factory owned and operated by the defendant, and that the defendant, while the plaintiff was so employed, kept the doors and gates to the enclosure around the factory locked, an allegation in the petition that, upon the plaintiff's becoming ill, she requested the foreman of the factory, who "had been placed in charge of said business and said mill by defendant," "to have the door and gate opened and allow her to leave said factory and go home for treatment; but that said foreman refused to allow said doors and gates to be opened and refused to allow said petitioner to be released from said factory," fails to allege that the duties of the foreman, while "in charge of said business and said mill," included any control by him over the gates and doors to the factory. It therefore does not appear that the foreman's refusal to "allow" the doors and gates to be opened and the petitioner to be released from the factory amounted to more than a refusal by the foreman to give consent to the opening of the doors and gates and to the plaintiff's absenting herself from the factory, and does not amount to any restraint by the foreman of the plaintiff's liberty, and therefore constitutes no imprisonment of the plaintiff. Davis *v.* Boozer, 215 Ala. 116 (110 So. 28). This allegation was subject to the special demurrer interposed,

2. The allegation that the defendant's physician, who was instructed by the defendant to give treatment to the plaintiff, "failed to use ordinary skill in the treatment of petitioner, and by his unskilful and negligent treatment" of the petitioner "she will be forced to have an operation performed," etc., fails, in the absence of any allegation that the physician did not possess the requisite skill and that this fact was known to the defendant, to show any responsibility by the defendant for the unskilful and negligent acts of the physician. A physician under these circumstances is not the agent of his employer, but is an independent contractor for whose negligence the employer is not responsible. *Jeter* v. *Davis-Fischer Sanitarium*, 28 *Ga. App.* 708 (113 S. E. 29); *Black* v. *Fischer*, 30 *Ga. App.* 109 (117 S. E. 103); Pearl v. West End St. Ry. Co., 176 Mass. 177 (57 N. E. 339) (49 L. R. A. 826, 79 Am. St. R. 302); Quinn v. Kansas City &c. R. Co., 94 Tenn. 713 (30 S. W. 1036, 45 Am. St. R. 767). This allegation was subject to the special demurrer interposed.

3. The court properly sustained the special demurrers, and upon a failure of the plaintiff to meet these demurrers by amendment, the petition, which did not otherwise set out a cause of action, was properly dismissed. *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 21, 1932.

*Thomas L. Slappey, Ben C. Williford,* for plaintiff.
*Slaton & Hopkins,* for defendant.