44473. POGUE et al. v. HOSPITAL AUTHORITY OF DeKALB COUNTY et al.

BELL, Presiding Judge. Plaintiffs brought this suit for the wrongful death of Mrs. Bessie Pogue. The complaint alleged that Mrs. Pogue was a patient in DeKalb General Hospital, which was operated by the defendant Hospital Authority, that defendant James Cooper, a medical doctor acting as a servant of the authority, failed to use reasonable care and skill in treating Mrs. Pogue, and that she died as a result of his negligence. Plaintiffs took this appeal from the grant of summary judgment for the hospital authority. The motion for summary judgment was supported by the affidavit of the hospital administrator. The affidavit, based on personal knowledge of the administrator, averred that the relationship between the authority and the doctor was controlled by an attached contract of employment and that no director, officer, agent or employee of the authority exercised or attempted to exercise any control over the method or manner of diagnosis or treatment of patients by the doctor. The contract was an agreement between the authority and the DeKalb Emergency Group, a partnership composed of the defendant doctor and others, in which the partnership agreed to provide certain professional services for the authority, mainly in operating the emergency room of the hospital on a 24-hour basis.

The agreement expressly designated the partnership as an independent contractor. It specified in detail the duties assumed by the partnership and which patients would be treated by members of the partnership. However, this was merely the identification of the work to be performed, and did not amount to a reservation of control over the manner in which services were to be performed. *Edmondson v. Town of Morven,* 41 Ga. App. 209 (3) (152 SE 280). The agreement provided that the services were to be performed to the satis-

faction of the authority, subject to surveillance by the medical staff of the hospital, and in accordance with good medical practice. It also provided for an administrative liaison between the partnership and the authority and for termination of the agreement by six months' notice in writing. However, those provisions, by which the authority could see to it in a limited way that the partnership performed its duties in compliance with the agreement, did not give the authority the right to direct specific medical techniques employed in rendering the services, and thus did not change the partnership's status from that of an independent contractor. See *Atlanta & Fla. R. Co. v. Kimberly*, 87 Ga. 161, 168 (13 SE 277, 27 ASR 231); *Lee v. Atlanta B. & A. R. Co.*, 9 Ga. App. 752, 754 (72 SE 165); *American Security Life Ins. Co. v. Gray*, 89 Ga. App. 672, 674 (80 SE2d 832). A hospital is not liable for the negligence of a physician employed by it where the negligence relates to a matter of professional judgment on the part of the physician when the hospital does not exercise and has no right to exercise control in the diagnosis or treatment of illness or injury. *Black v. Fischer*, 30 Ga. App. 109, 111 (117 SE 103); *Tench v. Downey Hospital*, 36 Ga. App. 20, 22 (135 SE 106); *Timmons v. Fulton Bag &c. Mills*, 45 Ga. App. 670 (2) (166 SE 40); *Clary v. Hospital Authority*, 106 Ga. App. 134 (1) (126 SE2d 470). It was not error to grant summary judgment for the hospital authority.

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*

ARGUED MAY 6, 1969—DECIDED SEPTEMBER 2, 1969.

*William R. Parker*, for appellants.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, James H. Keaten, Troutman, Sams, Schroder & Lockerman, T. M. Smith, Jr.*, for appellees.