26411.   DUNBAR v. HOSPITAL AUTHORITY OF
GWINNETT COUNTY et al.

Argued March 8, 1971—Decided April 8, 1971—
Rehearing denied May 6, 1971.

536

538

*G. Hughel Harrison, James W. Garner,* for appellant.

*Webb, Fowler & Tanner, W. Howard Fowler,* for appellees.

UNDERCOFLER, Justice. ■ In *Yeargin v. Hamilton Memorial Hospital,* 225 Ga. 661 (171 SE2d 136) cert. denied 397 U. S. 693, this court held that a physician did not have absolute authority to practice medicine in the hospitals of this State but that a Hospital Authority could restrict a staff member's privileges by reasonable and non-discriminatory rules and regulations.

In 40 AmJur2d 857, § 10 it is stated: "With respect to the right of an individual physician to practice in hospitals, a distinction must be made depending on whether hospital privileges are sought in a public hospital or in a private hospital. Insofar as public hospitals are concerned, even though a physician or surgeon who is duly licensed under general laws has no constitutional or statutory right, or right per se, but merely a privilege to practice his profession in a public hospital, he is entitled to practice in the

public hospitals of the state so long as he stays within the law and conforms to all reasonable rules and regulations of the institutions adopted for the government thereof, and he cannot be deprived of that privilege by rules, regulations or acts of the hospital's governing authorities that are unreasonable, arbitrary, capricious or discriminatory." See 24 ALR2d 850 for cases involving the application of these rules.

The Hospital Authority of Gwinnett County was authorized to find that Dr. Dunbar had not complied with its rules and regulations and was authorized to refuse him medical staff privileges. The trial court was authorized to find that the rules and regulations of the Hospital Authority which were applied to the application of Dr. Dunbar were reasonable and non-discriminatory and that the evidence introduced at the hearing before it was sufficient to deny the relief sought.

■ Qualifications for membership in the local medical society were not in issue in this case and the trial court erred in finding that Dr. Dunbar was not qualified for membership therein. Direction is given that this portion of the judgment be stricken.

*Judgment affirmed with direction. All the Justices concur, except Hawes, J., who dissents.*