## 27008. MITCHELL COUNTY HOSPITAL AUTHORITY et al. v. JOINER.

ARGUED APRIL 10, 1972—DECIDED MAY 3, 1972—
REHEARING DENIED MAY 18, 1972.

*Perry, Walters, Langstaff, Lippitt & Campbell, Robert B. Langstaff, H. H. Perry, Jr., Twitty & Twitty,* for appellants.

*H. Thaxton Monk, Jr., Ben L. Bateman, Frank C. Vann,* for appellee.

NICHOLS, Justice. Certiorari was granted in this case to review the decision of the Court of Appeals with respect to the responsibility of a Hospital Authority in permitting an unqualified physician to serve on its staff, although such physician holds a valid license from the State of Georgia to practice medicine.

The applicant, Hospital Authority, cites in support of its application for certiorari cases wherein it has been held that a hospital is not responsible in damages for the negligent or unskilful treatment by a surgeon or physician employed on its staff where it has exercised reasonable care in the selection of a physician or surgeon and selects an authorized physician in good standing in his profession. See *Black v. Fischer,* 30 Ga. App. 109 (117 SE 103); *Tench v. Downey Hospital, Inc.,* 36 Ga. App. 20 (135 SE 106). *Pogue v. Hospital Authority of DeKalb County,* 120 Ga. App. 230, 231 (170 SE2d 53), also relied upon by the applicant, relates to a situation where the Hospital Authority does not, and has no authority to, exercise any control in the diagnosis or treatment of the illness or injury. Such rule is generally recognized throughout the country. See 41 AmJur 228, Physicians and Surgeons, § 117.

The present case, however, does not come within the above cited authorities, for the plaintiff does not seek to hold the Hospital Authority liable under the doctrine of respondeat superior or principal and agent, but upon the doctrine of independent negligence in permitting the alleged negligent physician to practice his profession in the hospital, when his incompetency is known. Such negligence is comparable to that of the owner of a motor vehicle

permitting an incompetent, inexperienced, or reckless driver to operate such motor vehicle. See *Vaughn v. Butler,* 103 Ga. App. 884 (121 SE2d 72). While in such cases the mere permission is insufficient to hold the owner liable without actionable negligence by the operator, yet each is held for his independent acts and not as master and servant or principal and agent.

In *Yeargin v. Hamilton Memorial Hospital,* 225 Ga. 661 (171 SE2d 136), it was held: "The court did not err in holding that the Hospital Authority was not required to grant a physician unlimited and unrestricted rights to serve as a member of the active staff of the hospital operated by the Authority, and not required to allow him to use all of the privileges of active staff members according to the dictates of his own opinion and judgment. The Authority and hospital may restrict a staff member's privileges by reasonable and nondiscriminatory rules and regulations." It was recognized in that opinion that the Hospital Authority had authority to limit the practice by physicians to those procedures which it deems such physician qualified to perform.

In *Dunbar v. Hospital Authority of Gwinnett County,* 227 Ga. 534 (182 SE2d 89), with one Justice dissenting, it was held that a physician could be barred from practicing medicine in the hospitals operated by the Authority where he did not comply with various rules of the Authority.

These two cases require a finding that a Hospital Authority operating a public hospital has authority to examine the qualifications of any physician seeking staff privileges and to limit his practice to those areas in which he is deemed qualified to practice or to completely bar him from such practice if he is incompetent, unqualified, inexperienced or reckless.

As pointed out by the decision of the Court of Appeals, the delegation of the authority to screen applicants for staff membership on the medical staff does not relieve the Authority of its responsibility, since the members of such staff act as agents for the Authority, and whether it knew or

from the information in its possession the incompetency of the physician was known, is a question of fact. If the physician was incompetent and the Authority knew, or from information in its possession such incompetency was apparent, then it cannot be said that the Authority acted in good faith and with reasonable care in permitting the physician to become a member of its staff.

The affidavit in support of the motion for summary judgment did not pierce the allegations of the plaintiff's complaint and the judgment of the Court of Appeals reversing the grant of such motion was not error for any reason assigned.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents, and Jordan, J., disqualified.*

GUNTER, Justice, dissenting. Mrs. Joiner brought an action in the trial court against a physician and the Mitchell County Hospital Authority seeking recovery for the full value of the life of her deceased husband. She alleged negligence on the part of the physician as having caused the death of her husband. There was no allegation in the complaint that the physician was "incompetent" or "unqualified" to act in the capacity of a physician treating patients.

Mrs. Joiner's charges against the Hospital Authority were as follows: (a) Failure to require satisfactory and irrefutable proof of the professional qualifications of the defendant Gonzales prior to appointing him to its staff; (b) Failure to make any investigation into the professional qualifications, the character or background of the defendant Gonzalez prior to appointing him to its staff; and (c) Failure to exercise ordinary care in determining the professional competency and moral character of its employee, the defendant Gonzalez.

The Hospital Authority, in due course, filed its motion for summary judgment supported by the affidavit of the administrator of the hospital to the effect that the physician was duly licensed to practice medicine in this State, that he had made application for appointment to the staff of the hospital, that his application was duly submitted to the then

existing medical staff of the hospital which had recommended his appointment to the staff, and that he was thereafter appointed pursuant to this recommendation.

Mrs. Joiner did not present any evidence in opposition to this evidence submitted by the Hospital Authority in support of its motion for summary judgment, and the trial judge granted summary judgment for the Hospital Authority.

The Court of Appeals reversed the judgment of the trial court, and in its decision said: "The contentions of the plaintiff are that he was an unskilled physician and that the hospital was negligent in his selection. The mere fact that he was a licensed physician of the State of Georgia recommended by the other doctors on the staff as required by law does not overcome the averments that the hospital was negligent in failing to exercise care in determining his professional competency, should it later appear by evidence that the doctor was an incompetent or unskilful physician.

"The only inference that can be drawn from the affidavit is that the members of the hospital staff recommended him. On motion for summary judgment, the pleadings of the opposing party must be taken as true until it appears beyond controversy otherwise that no fact issue exists. [Citations]. The pleadings have not been pierced by the evidence before the court on motion for summary judgment as to the Hospital Authority." *Joiner v. Mitchell County Hospital Authority,* 125 Ga. App. 1 (1) (186 SE2d 307).

I do not agree with the decision and judgment rendered by the Court of Appeals. I would reverse the judgment of the Court of Appeals and affirm the judgment of the trial court.

The record in this case shows that the physician was licensed and admitted to the practice of medicine in this state in November of 1967. His qualifications to practice medicine were investigated by the medical staff of the hospital in February 1968, he was recommended for appointment by the medical staff of the hospital, and he was appointed after such recommendation on February 12, 1968.

The treatment of Mrs. Joiner's husband by the physician occurred on January 30, 1969, and Mr. Joiner's death came about on January 31, 1969.

Paragraph 11 of the complaint merely charged the physician with negligence.

There was no allegation in the complaint that the physician was not licensed to practice medicine in Georgia; there was no allegation in the complaint that the physician was incompetent as measured by the normal professional standards in this State to practice medicine in this State; and there was no allegation in the complaint that because of professional incompetence the physician should have been prohibited from using the facilities of the Hospital Authority for the practice of medicine.

In the absence of an employer-employee or principal-agent relationship existing between a Hospital Authority and a physician, and such a relationship did not exist in this case, a Hospital Authority is not liable for the negligence of a physician in carrying out the physician-patient relationship in the facilities provided by the Hospital Authority.

Therefore, since the physician was only charged with acts of negligence in this case, I would hold that the Hospital Authority could not be held liable, and that the complaint should have been dismissed as to the Hospital Authority for failure to state a claim.

But going the additional step, in support of its motion for summary judgment the Hospital Authority presented evidence showing that the physician was duly licensed to practice medicine in Georgia just a few months prior to his being permitted by the Hospital Authority to use its facilities for the practice of medicine; its evidence showed that its medical staff had investigated the physician and recommended him as being competent to practice medicine in the facilities of the Hospital Authority; and its evidence showed that the physician had been authorized by the Hospital Authority to use its facilities for the practice of medicine for approximately one year before the acts of negligence

alleged against the physician in this case took place.

This evidence submitted by the Hospital Authority was, in my opinion, more than sufficient to pierce the pleadings, and since Mrs. Joiner did not present any evidence to refute or contradict the evidence presented by the Hospital Authority, it is clear to me that the pleadings and the evidence do not present any genuine issue of material fact for jury determination between Mrs. Joiner and the Hospital Authority. Section 56 of our Civil Practice Act (*Code Ann.* § 81A-156 (e)) provides in part: "When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial."

It is my opinion that summary judgment was properly rendered in favor of the Hospital Authority in the trial court; Mrs. Joiner's sole cause of action in this case is against the physician for the acts of negligence alleged to have been committed by him.

I would reverse the judgment of the Court of Appeals.

I respectfully dissent.