27556. YEARGIN et al. v. HAMILTON MEMORIAL HOSPITAL et al.

UNDERCOFLER, Justice. Dr. Yeargin sued the Hamilton Memorial Hospital, a public tax supported institution, and the Dalton-Whitfield County Hospital Authority for damages and an injunction to prevent them from denying him access to and the use of said hospital facilities for his patients. The matter arises from Dr. Yeargin's

refusal to accept assignment to the emergency room service as required under the "By-laws, Rules and Regulations" of "The Medical and Dental Staff of Hamilton Memorial Hospital." He contends that it is arbitrary, unreasonable, and a violation of the 5th, 13th and 14th Amendments to the United States Constitution to compel him to work in the emergency room against his will. The trial court denied a temporary injunction. This appeal followed. Additional issues raised by appellant Yeargin as well as the denial of motions to intervene raised by other appellants are dealt with in this opinion. *Held:*

1. The principal question raised here was decided adversely to Dr. Yeargin's contentions in *Dunbar v. Hospital Authority of Gwinnett County,* 227 Ga. 534 (1) (182 SE2d 89) wherein it was held, "A Hospital Authority may restrict a staff member's privileges by reasonable and non-discriminatory rules and regulations." See also *Yeargin v. Hamilton Memorial Hospital,* 225 Ga. 661 (171 SE2d 136).

We have reviewed the rules and regulations and find that they are neither arbitrary, unreasonable, discriminatory nor unconstitutional. We also find that they have not been applied in an arbitrary, unreasonable, discriminatory or unconstitutional manner.

The evidence shows that the Hamilton Memorial Hospital regularly employs four doctors for emergency service. In September 1971, when this suit was filed by Dr. Yeargin, only two doctors were so employed despite a vigorous recruitment program and search for additional doctors. The emergency duty to which Dr. Yeargin had been assigned that month consisted of four days of "back-up." Such duty is for the purpose of assisting the regularly employed emergency doctors in the event of their illness, an overload of seriously ill emergency patients, assistance in specialty treatment, admission of patients to the hospital, and the necessity for follow-up treatment. There was evidence that emergency room duty such as Dr. Yeargin's required on the average of one to one and one-

half hours per week. The evidence also showed that in December 1971 the hospital had regularly employed three doctors for emergency patients and expected to employ a fourth doctor by March 1972. Dr. Yeargin testified that he has performed emergency room service over the past twenty years but that he is now physically unable to do so. He stated that he treats between 1,800-2,000 of his own patients each month, and had worked for 22 months, 7 days a week, without a vacation. However, he had a complete physical examination on October 15, 1970, and was certified as physically fit and his airplane pilot's license was approved. He states his general health has not changed since then except that he is older and more tired. Dr. Yeargin is 54 years of age. Under the medical staff's rules a doctor is excused from emergency room service at 60 years of age.

Contrary to Dr. Yeargin's assertion, he is not compelled to perform emergency room service against his will. He is only required to perform reasonable emergency room service in order to use the facilities of the Hamilton Memorial Hospital. These public facilities are available to him but only upon his accepting the corresponding burden of reasonable public service for emergency duty.

2. We have carefully reviewed the hospital administrative proceedings and the proceedings in the trial court and find that Dr. Yeargin's rights have been scrupulously observed.

3. The other appellants here are patients of Dr. Yeargin suing on behalf of themselves and his other patients. They filed motions to intervene in the action alleging that they are entitled to use the facilities of the hospital and are entitled to have Dr. Yeargin treat them in the hospital. The motions were dismissed by the trial court.

"It is generally agreed that the managing authorities of a hospital, under the power to adopt reasonable rules and regulations for the government and operation thereof, may, in the absence of any statutory restriction, prescribe the qualifications of physicians or surgeons for

admission to practice therein." 40 AmJur2d 856, § 8; *Dunbar v. Hospital Authority of Gwinnett County*, 227 Ga. 534 (1), supra.

The intervenors here do not have the right to be treated in the hospital by a physician or surgeon who is not admitted for practice therein under the above rule.

It follows that the trial court did not err in dismissing their motions for intervention in this case.

4. The trial judge was not disqualified by his alleged statement to counsel that ". . . while he was devoted to the principle of individual rights, his primary interest was this community and the hospital and public who used the hospital, and he intended to rule on that guiding principle."

"The grounds of disqualification of a judge, set forth in the *Code*, § 24-102, are exhaustive, and do not include alleged prejudice or bias that is not based on a pecuniary or relationship interest." *Elder v. Camp*, 193 Ga. 320, 321 (18 SE2d 622); *Jones v. State*, 219 Ga. 848 (1) (136 SE2d 358).

*Judgment affirmed. All the Justices concur, except Hawes, J., who dissents.*

ARGUED NOVEMBER 13, 1972—DECIDED DECEMBER 4, 1972—REHEARING DENIED DECEMBER 18, 1972.

*Hugh G. Head, Jr.,* for appellants.

*McCamy, Minor, Phillips & Tuggle, John T. Minor, III, Trammel Vickery, Pittman, Kinney, Kemp, Pickell & Avrett, Eugene Kinney,* for appellees.