## 49365. NEWTON COUNTY HOSPITAL v. NICKOLSON.

ARGUED MAY 6, 1974 — DECIDED
JUNE 18, 1974.

*Henning, Chambers & Mabry, Eugene P. Chambers, Ward D. Hull,* for appellant.

*Moffett, Henderson, Jones & Barnwell, Taylor W. Jones,* for appellee.

CLARK, Judge.

Plaintiff initiated this action against the Newton County Hospital alleging he entered the hospital's emergency room as an out-patient on October 24, 1971, where he was placed under the care and supervision of the hospital's agents, servants and employees who, at all times pertinent to the suit, acted within the scope of their employment; that the employees of the hospital, particularly Dr. Donald Feinfeld and nurse Louise

Biggers, were negligent in the diagnosis and treatment of plaintiff's condition; and, that as a result of the negligent diagnosis and treatment, plaintiff became seriously ill.

After defendant hospital filed its defensive pleadings it sought summary judgment on the ground that Dr. Feinfeld, the physician who attended plaintiff, was not a servant of the hospital. The motion was accompanied by an affidavit of the hospital administrator. Affiant averred that it was the practice of the hospital to hire physicians to manage the hospital emergency room during the evening and night hours and on weekends; that he personally selected the physicians and arranged their work schedules; that these employed physicians were in sole control of the emergency room facilities and saw all patients who entered, except those who desired to see their own doctors; that although these hired physicians had access to hospital staff assistance in the exercise of their professional judgment, "no director, officer, agent or employee of the hospital had any right to exercise. . . any control over the method or manner of diagnosis or treatment of patients by the doctor." The affidavit further recited that one of these was Dr. Donald Feinfeld, a licensed physician who was serving his military obligations through service as a commissioned officer in the United States Public Health Service, attached to the United States Penitentiary at Atlanta. Dr. Feinfeld was on duty in the emergency room when plaintiff came there for treatment at which time the doctor was assisted by nurse Louise Biggers. The affiant also stated this physician had been in charge of the emergency room on several other occasions and that he was paid by the hospital at a rate of $12 per hour.

The trial court denied the hospital's summary judgment motion and, having obtained the requisite review certificate, defendant brings this appeal.

1. "Ordinarily, a physician or surgeon on the staff of a hospital is not an employee of such hospital, and in the absence of allegations that the hospital was negligent in the selection of an unskilful physician or surgeon or that the hospital undertook to direct him in the way and manner of treating the patient, the hospital is not liable

for the mere negligent performance of professional services by a physician or surgeon on its staff. *Black v. Fischer,* 30 Ga. App. 109, 111 (117 SE 103)." *Clary v. Hospital Authority,* 106 Ga. App. 134 (126 SE2d 470). Accordingly, a hospital is not liable for the negligent treatment of a patient by a physician who is not employed as a servant, but performs his duties as an independent contractor. *Pogue v. Hospital Authority of DeKalb County,* 120 Ga. App. 230 (170 SE2d 53).

However, a hospital owes a duty of reasonable care to its patients, and it is liable for the injuries negligently inflicted upon its patients by the nurses and other employees of the hospital. *Piedmont Hospital v. Anderson,* 65 Ga. App. 491, 492 (3) (16 SE2d 90); *Hospital Authority of City of Marietta v. Misfeldt,* 99 Ga. App. 702 (1) (109 SE2d 816). It follows that where a physician or surgeon is, in fact, an employee of the hospital, the hospital is liable, under the doctrine of respondeat superior, for the tortious acts of the physician or surgeon which are done within the scope of his employment.

Therefore, in deciding whether a hospital is, or is not, liable for the negligence of a physician or surgeon employed by the hospital, it is necessary to determine if the doctor was employed as a servant or as an independent contractor.

This is summarized in the annotation in 69 ALR2d 305, 309: "Difficulty arises . . . when it comes to deciding whether, in a particular case, the hospital sued was the employer of the physician whose negligence is complained of, in such a sense that the respondeat superior doctrine is applicable, or whether he must be regarded as an independent contractor in relation to the hospital. . . In the normal situation where a sick or injured person consults his own doctor for diagnosis and treatment, the latter recommends hospital care, the hospital to which the patient is admitted is not liable for the doctor's misconduct resulting in injury to the patient, even though such misconduct takes place at the hospital, and even though certain other links between the hospital and the doctor, such as the circumstance that the latter is on the former's 'staff,' may exist.

"On the other hand, when a person is taken directly

to a hospital, as where he is rendered unconscious in an accident, and a physician hired by the hospital, such as an intern or resident, is guilty of malpractice in diagnosing or treating such person's condition, a different situation arises. Such a physician usually stands in a position with respect to the hospital which, under the normal tests of the existence of the master-servant relationship, would call for a ruling that he was the hospital's servant. In other words, such a doctor is normally paid a salary by the hospital, he spends all his working hours under the direction of the hospital's staff, he does not maintain a practice of his own, etc., and the result would normally be, and not infrequently is, that the physician must be regarded as a servant or agent of the hospital."

2. Although the hospital administrator averred that no hospital employee or staff member had the right to control the medical techniques or judgment of the physicians in command of the emergency room, this averment alone is insufficient to demonstrate un-equivocally that Dr. Feinfeld was an independent contractor. Other affidavit averments indicate that this doctor came within the category of being a servant of the hospital as he was paid an hourly wage and his schedule was arranged by the hospital. Thus, at best, the administrator's affidavit only clouds the ser-vant-independent contractor controversy. See *Banks v. Ellijay Lumber Co.,* 59 Ga. App. 270, 272 (200 SE 480), wherein the accepted principle is stated that "The true test whether a person employed is a servant or an independent contractor is whether the employer, under the contract. . . has the right to direct the *time,* the manner, the methods, and the means of the execution of the work. . ." (Emphasis supplied.) Since the evidence presented an issue of fact as to whether the alleged tortfeasor was an agent or an independent contractor, the denial of summary judgment was proper. *Dye v. Copeland,* 123 Ga. App. 119, 120 (179 SE2d 558).

We add that the administrator's affidavit made no attempt to controvert the allegations concerning the agency of the nurse. Thus, even if the affidavit had successfully eliminated the factual dispute surrounding

Dr. Feinfeld's employment, summary judgment would not have been proper since genuine issues of fact would have remained with respect to the nurse's employment and negligence.

3. Defendant contends that summary judgment should have been granted since the affidavit of the administrator demonstrates that the hospital did not exercise "any control over the method or manner of diagnosis or treatment" performed by the on-duty doctor. In support of its contention, defendant relies on the following language in *Pogue v. Hospital Authority of DeKalb County,* 120 Ga. App. 230 (4), supra: "A hospital is not liable for the negligence of a physician employed by it where the negligence relates to a matter of professional judgment on the part of the physician when the hospital does not exercise and has no right to exercise control in the diagnosis or treatment of illness or injury." Defendant's contention is without merit because the factual circumstances in *Pogue* demonstrate that the court, in utilizing the language relied upon, referred to the negligence of a doctor employed, not as a servant of the hospital, but as an independent contractor.

Plaintiffs in the *Pogue* case brought suit against the hospital authority alleging that "a medical doctor acting as a servant of the authority, failed to use reasonable care and skill in treating Mrs. Pogue, and that she died as a result of his negligence." As in the case at bar, the hospital administrator's affidavit established that "no director, officer, agent or employee of the authority exercised or attempted to exercise any control over the method or manner of diagnosis or treatment of patients by the doctor." However, the affidavit there also averred that the hospital had contracted with a partnership to provide certain professional services for the hospital; that the allegedly negligent doctor was one of the partners therein; and that the partnership was expressly designated as an independent contractor by the employment agreement. Under those circumstances, the court found that the doctor was an independent contractor, and affirmed the grant of summary judgment to the defendant hospital.

In the matter sub judice, the administrator's

affidavit failed to establish that the allegedly negligent doctor was an independent contractor of the hospital. Accordingly, the trial court did not err in denying defendant's motion.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*