**Albert MORREALE, Individually and as Next Friend of Alan Morreale, a minor, Plaintiff–Appellant,**

v.

**E. F. DOWNING, M. D., Neurological Institute of Savannah, P. C., et al., Defendants–Appellees.**

No. 79–2248.

United States Court of Appeals, Fifth Circuit.

Nov. 10, 1980.

Warner R. Wilson, Jr., Atlanta, Ga., Edward J. Walsh, Dunwoody, Ga., for plaintiff–appellant.

Oliver, Maner & Gray, William P. Franklin, Jr., Bouhan, Williams & Levy, Frank W. Seiler, Joseph P. Brennan, M. Brice Ladson, Thomas S. Gray, Jr., Savannah, Ga., for defendants–appellees.

Before RONEY, HILL and FAY, Circuit Judges.

RONEY, Circuit Judge:

Injured in a near–fatal automobile accident, 13–year–old Alan Morreale suffered a badly fractured hip which was not discover-

ed until after almost a month of medical and hospital care. His father brought this diversity action against the doctor and the hospital alleging that they were negligent in failing to discover sooner the fractured hip. The district court granted summary judgment for the hospital. A jury rendered a verdict for the doctor. On appeal we reverse the summary judgment for the hospital because there are issues of fact as to a theory of recovery not dealt with by the district court. We affirm as to the jury verdict for the doctor against claims of error as to a restricted discovery order, the admission into evidence of a prior $50,000 settlement with the automobile insurer, and the trial judge's comment about an expert witness' fee.

Early in the morning of January 1, 1976, plaintiff was driving his mother's car on Interstate 95 near Savannah, Georgia, when the electrical system malfunctioned and the car stalled in the roadway. Plaintiff and his fiance left the car but plaintiff's 13-year-old son, Alan, remained asleep in the back seat. The stalled vehicle was struck from the rear by another car and Alan was thrown into the front seat and against the steering wheel and dashboard. He was rushed unconscious to St. Joseph's Hospital, where he was seen by emergency room personnel and then diagnosed by Dr. E. F. Downing as suffering from a severe brain stem contusion.

Alan remained comatose and in intensive care for almost three weeks. He was moved from intensive care at the end of three weeks, having been roused from his coma but still unable to speak. Shortly thereafter Dr. Downing ordered physiotherapy and members of the hospital staff aided Alan in standing and walking. After five days of ambulation, plaintiff, while examining his son in bed, noticed that Alan's right leg was approximately two inches shorter than his left leg. When notified of this, Dr. Downing immediately restricted Alan's movement and called in an orthopedist, who took x-rays of the hip and diagnosed a comminuted fracture of the right acetabulum. Traction and subsequent surgery only partially corrected the hip de-

formity and Alan was left with a permanent three-centimeter shortening of his right leg.

### Summary Judge for the Hospital

The district court granted summary judgment in favor of the hospital on a theory of law under which there indeed was no issue of any material fact. Under a different theory of recovery, however, there are issues of fact which make summary judgment improper.

The court evaluated the pleadings and affidavits before it under the established Georgia law concerning the liability of a hospital for the negligence of a doctor on its staff. The court correctly said:

A hospital is not an employer of a physician or surgeon who is a member of its staff and is not liable for his negligent performance of professional services unless the hospital failed to exercise proper care by selecting an unskilled physician or undertakes to direct the physician in the manner and method of treating the patient.

The court cited *Clary v. Hospital Authority of the City of Marietta*, 106 Ga.App. 134, 126 S.E.2d 470 (1962); *Pogue v. Hospital Authority of DeKalb County*, 120 Ga.App. 230, 170 S.E.2d 53 (1969); *Newton County Hospital v. Nickolson*, 132 Ga.App. 164, 207 S.E.2d 659 (1974); *Hodges v. Doctors Hospital*, 141 Ga.App. 649, 234 S.E.2d 116 (1977); and *Mitchell County Hospital Authority v. Joiner*, 229 Ga. 140, 189 S.E.2d 412 (1972). *See also Georgia Osteopathic Hospital, Inc. v. Hollingsworth*, 242 Ga. 522, 250 S.E.2d 433 (1978).

Under this theory of recovery, the court came to the conclusion that the doctor was "an independent contractor whose orders the Hospital followed. They were not negligent in so doing."

Focusing, however, on another line of Georgia authority not cited by the district court, it is apparent that the affidavits do not demonstrate an absence of issues of material fact. In the case of *Porter v. Patterson*, 107 Ga.App. 64, 129 S.E.2d 70

(1962), the Georgia Court of Appeals held that a hospital can be liable for its own negligence or that of its employees. The court said that

> a hospital is liable for the negligence of its nurses in performing mere administrative or clerical acts, which acts, though constituting a part of a patient's prescribed medical treatment, do not require the application of the specialized technique or the understanding of a skilled physician or surgeon.

129 S.E.2d at 75.

Other Georgia cases have followed this sound rule of law. *Goodman v. St. Joseph's Infirmary, Inc.*, 144 Ga.App. 614, 241 S.E.2d 487 (1978); *Su v. Perkins*, 133 Ga.App. 474, 211 S.E.2d 421 (1974). *Cf. Miller v. Atkins*, 142 Ga.App. 618, 236 S.E.2d 838 (1977) (negligent acts of hospital employees performed under the immediate personal supervision of the physician are imputed to the physician, not the hospital).

The plaintiff father's affidavit states that he noticed that one of Alan's legs was shorter than the other, and he argues that the hospital personnel working with Alan and ambulating him under the doctor's orders either noticed it or should have noticed it and reported it to the doctor. We need not here hypothesize the various facts which would determine the difference between liability and no liability under Georgia law. It is enough on this appeal to determine that there are substantial issues of fact between the parties which can only be resolved by a properly instructed jury.

■ Plaintiff's affidavit was sufficient to create genuine issues of fact as to whether hospital employees, acting outside the immediate personal supervision of Dr. Downing, were negligent in failing to diagnose the hip injury in the emergency room or notice the two–inch difference in leg length or the other indications of hip injury that plaintiff testified of in his affidavit and then communicate these to the physician. Summary judgment was improper and it must be reversed.

■ A review of the record reveals that the above principle of liability may have not been well presented to the trial court. A change in attorneys about the time the motion for summary judgment was argued probably caused the case to be better focused on appeal. The theory of law was presented in the pleadings and affidavits, however, and the judgment of the trial court must be reversed, even if that court did not have a fair chance at arriving at a correct decision because of inadequate argument.

### Jury Verdict for Doctor

*Discovery Order.* When plaintiff filed his complaint on December 30, 1977, he was represented by counsel in New York and in Georgia. On February 20, 1978, defendant Downing served interrogatories on the plaintiff. In August, plaintiff's Georgia counsel notified plaintiff through his New York counsel that he intended to withdraw. On November 30 he moved to withdraw effective December 5 although no new local counsel had yet been located. The motion to withdraw was granted.

The plaintiff had not answered the interrogatories or retained local counsel on January 11, 1979. In an order that day, the district court took notice of this long delay and the requirement that interrogatories be answered within 30 days after service. The court ordered plaintiff to answer the interrogatories by March 1 or the action would be dismissed. It further ordered:

> Sanctions are imposed on plaintiff as to any discovery other than with a formal order of this Court in that regard. No depositions for use as testimony at the trial will be taken without a similar order.

Local counsel was retained and the interrogatories were answered before March 1. Following the January 11 order the plaintiff made oral requests to depose Dr. Downing and an expert witness in California, and both those requests were granted.

■ Plaintiff contends the January 11 order was improper and he was seriously harmed by his inability to conduct effective

discovery, especially his inability to obtain the names of the expert witnesses for the defense and their opinions. Plaintiff was in no way injured by the order. The two requests he made were granted. No other requests to conduct discovery, written or oral, were ever made. At no time did plaintiff attempt to discover the names of the defense expert witnesses. We reject plaintiff's contention.

*New York Settlement.* In March of 1978 plaintiff filed proceedings in the Supreme Court of Nassau County, New York, on behalf of Alan Morreale for the purpose of obtaining court approval of a settlement with the liability insurance carrier on the Morreale automobile for the liability policy limits of $50,000. The settlement also included a release running solely to plaintiff's mother, the owner of the car.

Defendant was permitted to introduce evidence of this settlement, but not the release, and to question plaintiff concerning it. The settlement itself and plaintiff's testimony on cross–examination showed that the settlement recovery was compensation for Alan's total injuries, including those allegedly caused by Dr. Downing. Plaintiff contends it was reversible error to permit the jury to hear of the New York settlement.

■ Under Georgia law, when the initial tortfeasor is released, the successive tortfeasor is not released "unless (a) all damages, including those caused by the doctor, were paid in full, *or* (b) the parties intended thereby to release both tortfeasors." *Knight v. Lowery*, 228 Ga. 452, 456, 185 S.E.2d 915, 918 (1971) (emphasis added). There was no suggestion that the parties intended to release the doctor and the district court allowed nothing to go to the jury to indicate otherwise. Under the first part of the above rule, however, the jury could find the amount of the settlement sufficient to cover all plaintiff's damages. If it did so, it would have been permitted to find for Dr. Downing, regardless of liability. Georgia law forbids double recovery for the same injury. *Malone v. City of Rossville*, 107 Ga.App. 271, 129

S.E.2d 563 (1963); *Edmondson v. Hancock*, 40 Ga.App. 587, 151 S.E. 114 (1929). Admittedly the New York settlement covered the same injuries for which plaintiff sought recovery from Dr. Downing. Although objection was made as to putting the $50,000 recovery before the jury, no objection was made to specific questions asked by the defense attorney. It was for the plaintiff to develop what portion of the claim here was not included in the $50,000 award. We find no reversible error.

■ *Comment About Expert Witness.* During cross–examination of one of plaintiff's experts, it was learned that he charged $500 in advance for an hour and fifteen minute deposition. It was also brought out that this was three times higher than earlier fees he had charged. The defendant started to go into the matter further when plaintiff objected that it was irrelevant. Defendant responded that he was trying to impeach the expert's credibility. The judge responded:

> Well I frankly don't understand how in the world he can charge five hundred dollars for an hour and fifteen minutes deposition. That's ridiculous. So, I'm going to let you pursue it.

No objections to this statement were made at trial. Plaintiff now contends, however, that the judge's comments amout to plain error requiring reversal.

Where no objection is raised in the trial court, we must consider plaintiff's contention under the plain error standard. *United States v. Bockius*, 564 F.2d 1193 (5th Cir. 1977). Reversal is not required under that standard unless there has been a miscarriage of justice. *See Whiting v. Jackson State University*, 616 F.2d 116 (5th Cir. 1980); *Government of Canal Zone v. Fears*, 528 F.2d 641 (5th Cir. 1976). In reviewing the comment in context, we are convinced it does not amount to a fundamental error resulting in a miscarriage of justice. The contention is rejected.

The summary judgment in favor of St. Joseph's Hospital is reversed and that portion of the case is remanded for further

proceedings. The jury verdict in favor of Dr. Downing and Neurological Institute of Savannah, P. C. is affirmed.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.