# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2010

No. 09-20862
Summary Calendar

Lyle W. Cayce
Clerk

NAOMI CUSHMAN

Plaintiff – Appellant

v.

GC SERVICES, L.P.

Defendant – Appellee

Appeal from the United States District Court
for the Southern District of Texas
(08-CV-2229)

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Naomi Cushman ("Cushman") filed suit against GC Services, L.P. ("GC") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 ("TDCPA"), and the Texas Deceptive Trade Practices–Consumer Protection Act, Business and Commerce Code, Subchapter E, Chapter 17 ("DTPA") in connection with GC's debt collection practices. The district court granted GC's motion for summary judgment with respect to Cushman's DTPA claim, denied it with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

respect to her TDCPA claim, and ultimately directed a verdict in favor of GC on one of Cushman's FDCPA claims. After the jury returned a verdict in favor of GC on the remaining FDCPA and TDCPA claims, the district court denied Cushman's motion for a new trial. For the following reasons, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

GC first attempted to contact Cushman by phone and mail in March 2008, in order to collect credit card debts that Cushman owed to American Express. GC left several voice mail messages for Cushman and mailed several letters demanding payment. Cushman placed calls to GC on two occasions in 2008—once on March 31st, and once on May 6th. Cushman alleged that in one call, a GC employee threatened to contact her employer and family to settle the debt, or to garnish her wages, and on the second call, another GC employee also raised the possibility of wage garnishment.

Cushman also alleged that GC contacted two former employers and her tenant. GC's call logs note that employees spoke to two employers who said that Cushman was no longer employed there. These call logs also show that a GC employee spoke with Cushman's tenant on one occasion , telling him that GC did not know how to reach Cushman. This call occurred after a GC employee had already spoken directly with Cushman.

Cushman filed suit against GC, alleging that GC violated provisions of the FDCPA, TDCPA, and DTPA. Most pertinent to her appeal, Cushman claimed that GC contacted third parties for a purpose other than obtaining "location" information as allowed by section 1692b; a violation of section 1692c of the FDCPA. Before trial, GC moved for partial summary judgment on Cushman's TDCPA and DTPA claims. The district court denied summary judgment on the TDCPA claim, but granted it in favor of GC on the DTPA claim, finding that Cushman did not have standing to sue under the DTPA because she was not a "consumer" as required by the Act.

At the close of Cushman's case-in-chief, GC moved for judgment as a matter of law on all of Cushman's remaining claims. The court denied the motions as to Cushman's TDCPA claim and her claim under section 1692d of the FDCPA, but granted a directed verdict in favor of GC as to Cushman's section 1692c claims. The jury returned verdicts in favor of GC on the remaining claims under the FDCPA and TDCPA. Cushman subsequently moved for a new trial. She argued that the district court erred in directing a verdict under section 1692c, that GC's counsel engaged in improper argument in her opening statement and elicited evidence allegedly barred by a motion in limine, and that the court failed to instruct the jury as to the relevant evidentiary standards. The district court denied Cushman's motion for a new trial. Cushman timely appealed the grant of summary judgment under the DTPA, the directed verdict under section 1692c of the FDCPA, and the district court's denial of her motion for a new trial.

## II. ANALYSIS

We review the district court's grant of summary judgment *de novo*, applying the same standard as the district court. *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010). Summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

This court reviews the district court's grant of judgment as a matter of law *de novo* as well. *U.S. Commodity Futures Trading Comm'n v. Dizona*, 594 F.3d 408, 413 (5th Cir. 2010). Judgment as a matter of law is appropriate after "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a). "In evaluating such a

motion, the court must consider all of the evidence in the light most favorable to the nonmovant, drawing all factual inferences in favor of the non-moving party, and leaving credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts to the jury." *Dizona*, 594 F.3d at 413.

We review the district court's denial of a motion for a new trial for abuse of discretion. *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 770 (5th Cir. 2009). Further, "[o]ur review is particularly limited when the trial court has denied a motion for a new trial." *Id.* (citing *Dotson v. Clark Equip. Co.*, 805 F.2d 1225, 1227 (5th Cir. 1986)).

## A.    Summary Judgment Under the DTPA

The DTPA provides that "a consumer" may bring an action for  a variety of deceptive business practices listed under the Act.  TEX. BUS. & COM. CODE ANN. § 17.50(a).  The Act defines "consumer" as an individual or entity "who seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE ANN. § 17.45(4).  The DTPA also acknowledges that other Acts may provide a basis for action under the DTPA.  *See* TEX. BUS. & COM. CODE ANN. § 17.43; TEX. BUS. & COM. CODE ANN. § 17.50(h).  The TDCPA contains one of these "tie-in" provisions to the DTPA, providing that any violation of the TDCPA qualifies as a "deceptive trade practice"  that is actionable under the DTPA.  TEX. FIN. CODE ANN. § 392.404.

Cushman argues that the district court erred in granting summary judgment to GC by finding that she lacked standing as a "consumer" to sue under the Act.  On appeal, Cushman does not contend that she qualifies as a "consumer" under the DTPA.  Rather, she argues that while the text of DTPA explicitly limits standing  to  a "consumer," she may nevertheless maintain a DTPA claim because consumer status is not required under the TDCPA "tie-in" provision. In support, Cushman notes that DTPA section 17.50(h) contemplates

4

"claimants" under another law rather than "consumers" as used in the rest of section 17.50. Cushman argues that by distinguishing "consumers," who may only recover economic damages, from "claimants" under "another law," who are "not limited to recovery of economic damages only," section 17.50(h) exempts claimants under "tie-in" provisions from proving consumer status under certain sections of the DTPA. Additionally, she cites two Texas Supreme Court cases that she claims stand for the proposition that "claimants" under other laws need not always prove "consumer" status to maintain a DTPA claim. *See Crown Life Ins. Co. v. Casteel,* 22 S.W.2d 378 (Tex. 2000); *Aetna Cas. and Sur. Co. v. Marshall*, 724 S.W.2d 770 (Tex. 1987). We disagree.

The Texas Supreme Court has consistently held that "[o]nly a 'consumer' can maintain a cause of action directly under the DTPA." *Casteel,* 22 S.W.2d at 386; *see also Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349 (Tex. 1987) ("DTPA plaintiffs must qualify as consumers . . . to maintain a private cause of action under section 17.50 of the DTPA"). Although the text of section 17.50(h) distinguishes the type of damages that DTPA plaintiffs bringing claims through "tie-in" statutes may recover, it does not exempt those claimants from proving consumer status. See *Marketic v. U.S. Bank Nat'l Assoc.*, 436 F. Supp. 2d 842, 854-55 (N.D. Tex. 2006) ("§ 17.50(h) does not exempt claimants from showing that they qualify as a 'consumer' . . ."); *Eads v. Wolpoff & Abramson, LLP*, 538 F. Supp. 2d 981, 989 (W.D. Tex. 2008) (holding that a DTPA claimant using the TDCPA "tie-in" statute must prove consumer status in order to have standing).

We also find the Texas Supreme Court cases cited by Cushman do not exempt claimants under "tie-in" statutes from the DTPA's "consumer" requirement. *Casteel* dealt specifically with the relationship between Article 21.21 of the Texas Insurance Code and the DTPA. Article 21.21 provided a cause of action under that section if the plaintiff was a "person" under Article 21.21's definition, and was "injured by another's acts or practices  declared to be unfair

or deceptive under either (a) Article 21.21, section 4, or (b) DTPA section 17.46." *Casteel,* 22 S.W.2d at 383. The relevant issue in *Casteel* was whether a claimant under Art. 21.21, who based their claim off of a DTPA § 17.46 violation, was required to prove consumer status. *Id.* The court held that Article 21.21 incorporates the "laundry list of deceptive acts" under DTPA section 17.46, but not the entire DTPA. *Id.* at 386. *See also Aetna*, 724 S.W.2d at 772 ("Article 21.21 does not incorporate the entire Deceptive Trade Practices Act . . ."). Thus, the *Casteel* court held that an Article 21.21 plaintiff need only prove consumer status if the particular subsection of DTPA section 17.46(b) she relies upon requires it. *Id.*

*Casteel* and *Aetna* concern only the extent to which the consumer status requirement is incorporated into DTPA-based claims under Article 21.21 of the Texas Insurance Code. The holding of both cases is limited to claims brought under Insurance Code Article 21.21, and does not reach claims brought directly under the DTPA pursuant to "tie-in" statutes such as section 392.404 of the TDCPA. Therefore, a claimant under the DTPA must still have "consumer" status in order to have standing. Cushman does not argue on appeal that she qualifies as a "consumer" under the DTPA, and such an argument lacks merit.

Therefore, the district court was correct when it granted GC summary judgment due to Cushman's lack of standing under the DTPA.

**B.    Directed Verdict Under Section 1692c of the FDCPA**

Section 1692c(b) of the FDCPA prohibits debt collectors from communicating, "in connection with the collection of any debt," with any person except the consumer  and a few other explicitly defined other parties including the consumer's attorney. 15 U.S.C. § 1692c(b). However, the section  does allow debt collectors to communicate with third parties for the purpose of obtaining "location information" about the consumer, as contemplated by section 1692b. The Act defines "location information" as encompassing only "a consumer's place

of abode and his telephone number at such place, or his place of employment." 15 U.S.C. § 1692a(7).

Cushman argues that the district court improperly granted GC's motion for judgment as a matter of law, because a reasonable jury could find that GC's calls to third parties sought more than just "location information." Specifically, she argues that when GC employees reached her former employers and her tenant by phone, they had already obtained her "location information." Cushman asserts that GC already had her home phone number and address because GC left messages on her answering machine, had records with her number listed as "home phone," and mailed letters to her home address that were not returned. She asserts that GC also knew her place of employment because its records reflect that she had informed a GC employee that she had just started a new job. Cushman also claims that a GC employee threatened to contact her family and employer to try to settle the debt. Cushman reasons that given GC's knowledge of these facts and the alleged threat by its employee, the jury had a legally sufficient evidentiary basis to infer that GC called her former employers and tenant for reasons other than obtaining location information. This court disagrees.

In order to prevail on a motion for judgment as a matter of law, a party must show that there is "no legally sufficient basis for a reasonable jury to find for the party on that issue." FED. R. CIV. P. 50(a). Further, "the evidence must be sufficient so that a jury will not ultimately rest its verdict on mere speculation and conjecture." *Anthony v. Chevron USA, Inc.*, 284 F.3d 578, 583 (5th Cir. 2002). This court has had little occasion to interpret section 1692c of the FDCPA. Other courts, however, have required that plaintiffs produce some evidence of the third party conversations other than their own assertions in order to prove that the call was for purposes other than obtaining location information. *See, e.g., Padilla v. Payco Gen. Am. Credits, Inc.*, 161 F. Supp. 2d

264, 274 (S.D.N.Y. 2001) (finding that in order to survive summary judgment on a FDCPA third party disclosure claim, a party must introduce "competent evidence, such as affidavits" and not rely on "bare hearsay assertions").

Viewing the evidence in a light most favorable to Cushman, she still has not offered any evidence that GC's calls to her former employer or tenant were for purposes other than obtaining location information. She does not offer affidavits or testimony from those third parties or provide evidence pertaining to the substance of the conversations. GC's knowledge of a working phone number for Cushman, unreturned mail, and awareness of a new job does not provide a sufficient evidentiary basis to find that GC sought anything other than "location information" when calling third parties. Such arguments are mere speculation, and thus the evidence is insufficient to survive a Rule 50(a) motion. As such, we find that the district court was correct in granting judgment as a matter of law in favor of GC.

## C.    Motion for a New Trial

Cushman argues that the district court erred in denying her motion for a new trial. She claims she was prejudiced both by "misconduct" on the part of GC's counsel and by the district court's refusal to use her requested jury instruction regarding the relevant evidentiary standards. We find that Cushman waived some of these issues by failing to timely object at trial and that the others lack merit.

Cushman first argues a new trial is warranted because of misconduct by GC's counsel during trial. First, Cushman claims she was prejudiced by improperly argumentative remarks made by GC's counsel during her opening statement. Second, she asserts that the district court allowed witness testimony that violated one of GC's own motions in limine, while refusing to allow Cushman's counsel to extract such testimony. However, Cushman's counsel failed to object to all but one of the allegedly objectionable statements in the

opening statement and did not object when GC's counsel allegedly violated the motion in limine while questioning a witness. "Where no objection is raised in the trial court," we are precluded from considering the alleged error, except under a plain error standard. *See Morreale v. Downing*, 630 F.2d 286, 290 (5th Cir. 1980) *(*citing *United States v. Bockius*, 564 F.2d 1193 (5th Cir. 1977)). Plain error review allows reversal of waived issues only if "there has been a miscarriage of justice." *Id.* The statements cited by Cushman in the opening statement, if argumentative at all, surely do not rise to the level of plain error. The same is true for the information elicited allegedly in violation of the motion in limine. Further, this court will only grant a new trial if, considering the record as a whole, it "concludes that manifest injustice will result from letting the verdict stand." *Foradori v. Harris*, 523 F.3d 477, 506 (5th Cir. 2008) (citing *Johnson v. Ford Motor Co.*, 988 F.2d 573, 582 (5th Cir. 1993)). Had Plaintiff's counsel timely objected at trial, the conduct of defense counsel, if at all improper, still fails to present any "manifest injustice."

Cushman next argues that a new trial is warranted because the court failed to properly instruct the jury as to the relevant evidentiary standards. Again, counsel failed to timely object to the proposed jury instructions at trial. "If a party fails to object with specificity to a proposed instruction, the right to challenge the instruction on appeal is waived." *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 689 (5th Cir. 2000) (citing *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 932 (5th Cir. 1999)). Conducting plain error review, this court fails to see any miscarriage of justice resulting from the jury instruction.

Therefore, we find that the district court was correct in denying Cushman's motion for a new trial.

No. 09-20862

## III.  CONCLUSION

For the reasons set forth above, we AFFIRM the district court's grant of summary judgment and judgment as a matter of law to Defendant–Appellees, and its denial of Plaintiff–Appellant's motion for a new trial.

AFFIRMED.